[No. 12401. Department One. — September 14, 1889.]

## MINNIE C. HASSHAGEN, ADMINISTRATRIX, ETC., RESPONDENT, *v.* JOHN C. HASSHAGEN ET AL., APPELLANTS.

TRUST — CONVEYANCE TO DEFRAUD CREDITORS. — VERBAL AGREEMENT TO RECONVEY — STATUTE OF FRAUDS. — When a conveyance reciting a consideration is made by a debtor to another for the purpose of hindering and defrauding his creditors, there is the strongest reason for a strict application of the statute of frauds, and a verbal agreement to reconvey the property will not create an express or resulting trust.

ID. — WRITTEN DECLARATION OF TRUST — UNDELIVERED RECONVEYANCE — DESTRUCTION BY CONSENT. — An undelivered deed of reconveyance of property conveyed to hinder and defraud creditors is not effective for any purpose; and if its contents are not proved, and the uncontradicted testimony of the grantee of the original conveyance shows that he finally paid for the property, and the undelivered deed of reconveyance was destroyed by consent of the parties upon a full settlement between them, such deed of reconveyance cannot be held to constitute a written declaration of trust.

ID. — WRITTEN EVIDENCE OF GRANTEE. — The evidence of the grantee taken down in writing long after the conveyance, and in settlement of the estate of the grantor, admitting a verbal agreement to reconvey upon condition of payment of indebtedness, does not constitute a written declaration of trust.

ID. — WRITTEN STATEMENT OF ACCOUNT. — A written statement of account given by the grantee to the widow of the grantor, showing the amounts received by the grantee as rent, and expenditures out of rent, and some payments to the grantor, does not constitute a written declaration of a trust.

ID. — ENFORCEMENT OF TRUST — NONSUIT — FINDING AGAINST EVIDENCE. — When in an action to enforce a trust there is an entire absence of any evidence to show an express or resulting trust, and only evidence of circumstances tending to show a verbal agreement to hold the property in trust, a nonsuit should be granted, and although the evidence of the defendant to explain those circumstances is not satisfactory, a finding of a trust from such evidence cannot be sustained.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Joseph Kirk,* for Appellants.

An express trust cannot be created by parol, and the violation of a parol agreement does not take the case out of the statute.    (Civ. Code, sec. 852; Code Civ. Proc., sec. 1971; *Feeny* v. *Howard,* 79 Cal. 525; *Hellman* v. *McWilliams,* 70 Cal. 449; *Barr* v. *O'Donnell,* 76 Cal. 471, and cases cited; *Jones* v. *Van Dorn,* 18 Fed. Rep. 619; *Pasey* v. *Gardner,* 21 W. Va. 469; *McGuiness* v. *Barton,* 71 Iowa, 614; *Burt* v. *Wilson,* 28 Cal. 632; 87 Am. Dec. 142.)    Where there is an express parol agreement for a trust, there can be no implied trust.    (*Mescall* v. *Tully,* 91 Ind. 97.)    The grantor, or his administrator, cannot set aside a conveyance made by the grantor to defraud creditors.    (*Wilson* v. *Demander,* 9 S. W. Rep. 678, and cases cited.)

*Taylor & Haight,* for Respondent.

A trust may be shown by any writing evidencing fiduciary relations. (Perry on Trusts, sec. 82; 4 Kent's Com., sec. 315; *Forster* v. *Hall,* 3 Ves. Jr. 708, and note *a; Gomez* v. *Tradesman's Bank,* 4 Sand. 108; *Tawney* v. *Crowther,* 3 Brown Ch. 317; Roberts on Frauds, 101; *Raybold* v. *Raybold,* 20 Pa. St. 308; Story's Eq. Jur., sec. 972; Brown on Statutes of Frauds, sec. 109; *Barksworth* v. *Young,* 4 Drew. 1.)    The doctrine of delivery which applies to deeds as such does not apply to a written instrument creating a declaration of trust.    It may perform its latter function, and at the same time be insufficient to constitute a reconveyance.    (Perry on Trusts, sec. 82; *Barrell* v. *Joy,* 16 Mass. 221.)    It matters not in whose hands the instrument which evidences a trust is retained

or what becomes of it. (Perry on Trusts, secs. 95, 96, 104; *Forster* v. *Hall*, 5 Ves. 315; *Stone* v. *Hackett*, 12 Gray, 227; *Livingston* v. *Livingston*, 2 Johns. Ch. 637; *Wadsworth* v. *Wendell*, 5 Johns. Ch. 224; *Ex parte Pye*, 18 Ves. 140; *Meek* v. *Kettlewell*, 1 Hare, 471.) The subsequent payment of the consideration by the trustee could not discharge the trust without a further conveyance by the beneficiary. (*Gilchrist* v. *Stevenson*, 9 Barb. 15; *Cruger* v. *Holladay*, 11 Paige, 314; *Shepherd* v. *McEvers*, 4 Johns. Ch. 135; 8 Am. Dec. 561; *Killey* v. *Wilson*, 33 Cal. 691; *Bowman* v. *Cudworth*, 31 Cal. 148; *Lawton* v. *Gordon*, 37 Cal. 202.) When there is any written evidence showing that the person apparently entitled is not really so, parol evidence may be admitted to show the trust under which he actually holds the estate. (*Kingsbury* v. *Burnside*, 58 Ill. 310; 11 Am. Rep. 67; Brown on Frauds, secs. 110, 111.)

WORKS, J. — This action was brought to declare an express trust in land. The court below found that the conveyance from the plaintiff's intestate to the defendant "was made without consideration, and on the trust expressed and declared by said John, in writing, that he, said John, would hold the premises therein conveyed for and to the use of said Louis, and that said Louis might have the same back again, together with all rents issuing therefrom, whenever desired by him, said Louis."

It is contended by the appellants that there was no evidence to support this finding.

The contention of the respondent is, that the written declaration of the trust was established by,—1. Proof of the making, signing, and acknowledging of a deed of reconveyance at the time the property was conveyed to the defendant; 2. By the testimony of the defendant, given in the estate of the deceased, in which he admitted the trust, the testimony being taken down in writing at the time; 3. A statement of account.

1. The deed referred to, and claimed to have been a written declaration of trust, was not shown to have contained any such declaration. The evidence shows that at the time the deed from the deceased to the defendant for the property in controversy was delivered, a deed from the defendant back to the deceased was signed and acknowledged, but not delivered. The deed, not having been delivered, was not effective for any purpose, but if it had been delivered, its contents were not proved, and we cannot know whether it was an absolute conveyance, a declaration of trust, or what not. Beside, the uncontradicted testimony of the defendant is, that the conveyance from his brother to him was made by the former to avoid litigation with his creditors; that this deed for a reconveyance was made and retained by the defendant; that he afterward paid his brother for the property in full; that he and his brother had a settlement of their affairs; and that the deed, instead of being delivered, was by the mutual consent of the parties destroyed.

We cannot see, therefore, how this deed could be held to constitute a written declaration of a trust.

2. The evidence given by the defendant, and taken down in writing, did not constitute a written declaration of a trust, even if he had admitted therein that there was such a trust. But instead of admitting any such trust, he positively denied it, and asserted that he had paid for the property in full. He did admit that there was a verbal understanding between him and his brother that the property was to be reconveyed. He says: " We had a verbal understanding that whenever he paid me what he owed, I would deed him the property," and says: "If paid now, — the money I gave to Louis Hasshagen, — I don't think I would have any objection to reconveying this property to his heirs." This evidence had some tendency to show a verbal agreement that the property should be held in trust, but not that such a trust was declared in writing.

This testimony, relied upon as a declaration of trust, was given long after the making of the deed, after the death of Louis Hasshagen, and in the settlement of his estate.

3. The statement of account relied upon as establishing a trust was not one given by the defendant to the deceased, but to the plaintiff, his widow, and was merely a statement showing the amount the defendant received as rent, and how he had paid it out, some of the expenditures being for insurance, interest, and other expenses, and some payments to the plaintiff. There was nothing in this which could amount to a written declaration of a trust.

There was an entire absence of any evidence to sustain the claim of an express trust, or to support the findings of the court below that there was any such trust. For this reason the motion of the defendant for a nonsuit should have been sustained, and the findings referred to are not sustained by the evidence. There was some evidence of circumstances tending to show that there was a verbal understanding that the property was held for the benefit of the deceased, such as the collection of the rents by the deceased, and payment of rents collected by the defendant to the plaintiff after the death of her husband. The explanation of these transactions by the defendant are not satisfactory. He says the money paid to them, and allowed by him to be collected and used by the brother, was merely by way of gift. But this cannot help the respondent's case. In order to entitle her to recover, it was necessary for her to prove that the trust attempted to be established was created or declared in writing or by operation of law. (Civ. Code, sec. 853; Code Civ. Proc., sec. 1971; *Feeney* v. *Howard*, 79 Cal. 525; *Barr* v. *O'Donnell*, 76 Cal. 469; *Donahue* v. *Mariposa L. & M. Co.*, 66 Cal. 327; *Hellman* v. *McWilliams*, 70 Cal. 452.) There was nothing shown which could take this case out of the statute. (*Feeney* v. *How-*

*ard* and *Barr* v. *O'Donnell, supra.*)   Nor was there any-
thing in the transaction which could create a resulting
trust.  (*Feeney* v. *Howard, supra*; *Mercall* v. *Tully,* 91
Ind. 96, 97; *Barr* v. *O'Donnell, supra.*)

It is evident, from the facts disclosed by the evidence,
that the original intent and purpose of the deceased in
conveying the property was to hinder and defraud his
creditors.   The evidence of the defendant is that this
purpose was finally abandoned, and he paid the consid-
ation named in the deed.   But whether he did or not,
the object of the deceased being to defraud his creditors,
and the agreement to reconvey, if one was made, having
been verbal, there is the strongest reason in this case for
a strict application of the statute of frauds.

Judgment and order reversed, and cause remanded.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.