[No. 14025.  In Bank. — August 31, 1891.]

L. T. GARNSEY ET AL., RESPONDENTS, *v.* GEORGE
    GOTHARD ET AL., RESPONDENTS.   THOMAS ED-
    WARDS, APPELLANT.

VENDOR AND PURCHASER — HUSBAND AND WIFE — CONTRACT OF SALE —
    TRANSFER OF WIFE'S INTEREST — RIGHT TO PURCHASE-MONEY — TRUST
    — WILL. — Where a married woman, to whom purchase-money was due
    under an executory contract for the sale of her real estate, conveyed her
    interest in the land to her father on the day before her death, by a deed
    absolute on its face, for the purpose of putting the legal title in him,
    to collect the purchase-money, and hold the same, in trust, for certain
    purposes, he is entitled to receive and hold the money as against the sur-
    viving husband, who was her sole heir at law, notwithstanding the subse-
    quent execution of an invalid will declaring the terms of the trust, and
    regardless of whether the trust is or is not valid.
ID. — DEED NOT AFFECTED BY INVALID WILL RECITING TRUST. — A deed
    duly executed and delivered, and intended to pass title, cannot be ren-
    dered invalid by the subsequent execution of an invalid will reciting
    that the property was deeded, in trust, for certain specified purposes.
TRUST — DECLARATION BY TRUSTEE — VERIFIED ANSWER. — Although a
    trust in real property, not created by the instrument transferring the
    title nor by operation of law, must be created by a written instrument
    subscribed by the trustee, or by his agent thereto authorized by writing,
    yet the verified answer in an action which contains a declaration of the
    defendant that the real property in controversy was conveyed to him, in
    trust for certain purposes, is a sufficient declaration in writing to satisfy
    the requirements of section 852 of the Civil Code.
SPECIFIC PERFORMANCE — CONTEST BETWEEN DEFENDANTS — OWNERSHIP OF
    WATER STOCK TO BE CONVEYED — OMISSION IN FINDINGS — APPEAL —
    REVERSAL OF JUDGMENT. — In an action for specific performance of a
    contract of sale by a deceased wife, where her surviving husband and
    her father, to whom the land was conveyed by her in trust, are joined as

defendants, and are contesting the right to receive the purchase-money
as between themselves, and it appears by the terms of the contract that
the wife agreed to convey with the land forty shares of water stock appur-
tenant thereto, at a specified price, and the surviving husband declares in
his answer that he is the owner of the water stock, and that it is dis-
tinct and separate from the land, a failure of the court to find who owns
the stock, and what proportion of the money due from the plaintiffs
is due for the stock, is error for which the judgment must be reversed
upon appeal.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Samuel Minor,* and *Minor & Woodward,* for Appellant.

*Scarborough & Waterman,* for L. T. Garnsey et al., Re-
spondents.

*Wicks & Ward,* for George Gothard et al., Respondents.

SHARPSTEIN, J. — This action is for the specific per-
formance of a contract whereby defendant Gothard and
his late wife, Elizabeth Jane, agreed to convey to the
plaintiffs a certain tract of land, and forty shares of
water stock appurtenant thereto, upon their paying the
stipulated price therefor in certain installments, all of
which, excepting the last, had been paid before the com-
mencement of this suit as stipulated; and the plaintiffs
are ready and willing to pay the last installment to such
person or persons as the court may determine is or are
entitled to receive the same. The defendants Gothard
and Edwards each claim to be entitled to receive said
last installment; and defendant Gothard claims that
he is also entitled to the installments which have been
paid to defendant Edwards since the death of said
Elizabeth Jane. The contest is wholly between the de-
fendants Gothard and Edwards, as to which of them is
entitled to receive and hold the proceeds of said sale.
The decision and judgment were in favor of Gothard

and against Edwards, and the latter appeals from the
judgment and order denying his motion for a new trial.

The facts found by the court are, that the allegations
of the plaintiffs' complaint are true. That entitled them
to the relief prayed by and granted to them. The resi-
due of the findings are upon the issues raised by the
answers of defendants Gothard and Edwards as to their
respective claims to the moneys paid and to be paid by
plaintiffs under their contracts with the Gothards.

The first finding upon the issue is, that " Elizabeth
Jane Gothard (the wife of the defendant George Gothard,
and mother of B. T. Gothard), on the eleventh day of
January, 1887, made, executed, and delivered to the de-
fendant Thomas Edwards a conveyance of her interest
in the real estate described in the plaintiffs' complaint
herein. The conveyance was made in view of the ap-
proaching death of said Elizabeth J. Gothard, and for
the purpose of putting the legal title to said realty in
said Edwards, to collect the money then due on the con-
tract for the sale thereof in said complaint set out, and
hold the same, in trust, for Bertrude Gothard alone, and
with an oral understanding then and there with said
Edwards to that effect, and without other consideration
than such understanding."

The next finding is: "That thereafter, to wit, on the
twelfth day of January, 1887, the said Elizabeth Jane
Gothard, in anticipation of death, and *cum animo testandi*,
made and signed " a paper, of which a copy is inserted
in said finding, and, among other things, contains the
following:—

" I deed to my father, Thomas Edwards, all interest
in that property at Anaheim that I now own, being the
same that was given me by deed of gift, except twelve
hundred dollars, to pay the mortgage thereon, also five
hundred dollars that we received on the sale of the said
land now due; three thousand one hundred dollars, which
I request be used as follows: two hundred dollars to be

paid to Mr. Melrose, commission fees for selling the said place; one hundred dollars to my husband, being in lieu for the one hundred dollars that he has paid out of the five hundred dollars that I gave him from my separate property; twelve hundred dollars, to be used to the best advantage in buying a lot for my remains and erecting a good stone thereon, fencing the said lot in good shape, also to pay what portion of my funeral expenses shall be left unpaid. The remainder, which is sixteen hundred dollars, is to be kept for the use of my child, Bertrude Thomas Gothard, until he becomes twenty-one years old, all interest on the same to be invested and added to the principal, with the exception of ten or fifteen dollars a year to keep my grave and lot in good condition; if he dies before the age of twenty-one years, then to my brothers' and sisters' children. It is also my desire that my burial lot shall be put in my child's name.

"(Signed)          ELIZABETH J. GOTHARD."

The court finds that the paper was not olographic, but was written by said Edwards, and was only subscribed by said Elizabeth Jane Gothard, and was without attesting witnesses, and that she died within less than twelve hours thereafter, and said paper "was intended by said decedent as her last will and testament, but that she died intestate and leaving no estate, and said attempted will was worthless for any purpose, and that she left no heirs at law other than the said George Gothard, her surviving husband, and said Bertrude T. Gothard, her minor child."

From the foregoing facts the court finds, among others, the following conclusions of law: "That the said sum of $1,398.95 so due from plaintiffs shall be paid by them into the hands of said George Gothard, guardian; that the defendant Thomas Edwards is indebted to the estate of the minor, B. T. Gothard, in the sum of $1,971, less $211."

It is only on the supposition that the court lost sight of the fact before found, that said Elizabeth Jane Gothard conveyed her interest in said property to defendant Edwards, that we can account for the finding of these conclusions of law.

There is nothing in the findings of fact, much less in the evidence, to base such a conclusion upon. The finding is, that "Elizabeth Jane Gothard, on the eleventh day of January, 1887, made, executed, and delivered to the defendant Thomas Edwards a conveyance of her interest in the real estate described in the plaintiffs' complaint." That imports a deed absolute on its face, as the evidence proves it to be. But the evidence *aliunde* the deed, at least, tends to show that it was made, as the court finds it was, for the purpose of putting the legal title to said realty in said Edwards, to enable him to collect the money then due on the contract for the sale thereof in said complaint set out, and hold the same in trust. If the evidence is sufficient to establish a trust, there is nothing in the evidence or findings of fact to support the decision that Edwards, under the trust, is not entitled to hold all of the money paid and receive all to be paid by the plaintiffs for a conveyance to them of the land described in their complaint. *A fortiori*, if a trust has not been established, he is entitled to receive and hold it. We think, however, that a trust is established, and that the objects for which it was created are specified in the paragraph above quoted from the writing which the court finds was made and signed on the twelfth day of January, 1887, the day following the execution of the deed to Thomas Edwards. We do not overlook the provision of the code that "no trust in relation to real property is valid unless created or declared by a written instrument, subscribed by the trustee or by his agent thereto, authorized by writing." (Civ. Code, sec. 852.)

The defendant Edwards, by his verified answer in this

action, has declared in a written instrument, in the most solemn manner, that the property in controversy was conveyed to him in trust. We think that a sufficient declaration in writing to satisfy the requirements of the code.

The contention of counsel for respondent Gothard is, that the writing of the date of January 12, 1887, was intended as a will, and being so intended, it nullified the deed of January 11, 1887; that the deed, which is properly executed, was vitiated by a subsequent futile attempt to make a will; that the two instruments are so blended as to constitute but one, and that both must stand or fall " with the sufficiency or insufficiency of the execution of the testamentary paper dated January 12, 1887." There are cases in which it is held that a deed and will made upon the same day constitute one testamentary act; and other cases, in which deeds have been held to be testamentary. But we are unable to find any case in which it has been held that a deed, otherwise valid, is rendered invalid by a void instrument subsequently made by the grantor.

The theory of respondent Gothard's counsel does not appear to have been adopted by the court below. But we can conceive of no sounder or more plausible theory upon which the decision of the court below could be sustained. We think the decision clearly erroneous, and would modify or direct a modification of the judgment in accordance with the views above expressed were it not for the fact that there is no finding on one of the material issues.

By the contract between the Gothards and the plaintiffs the former agreed to convey with the land described therein a " water right thereunto appertaining, viz., forty shares." In his answer, defendant Gothard states that he is the owner of said forty shares of water stock, and that it " is distinct and separate, and distinct property, from said land."

This presents an issue upon which there is no finding, and under our view of the case, a complete determination of it could not be had, in the absence of such a finding.

We think appellant is entitled to receive and hold all the moneys paid or to be paid for the land conveyed to him by Elizabeth Jane Gothard.   But if the water stock is owned by George Gothard, he is entitled to the money paid or to be paid for that.   And it is necessary that the court should find who owns the water stock, and what proportion of the money paid or to be paid by the plaintiffs is for said water stock.

So much of the judgment only as adjudges "that on payment of the money remaining due by plaintiffs on the contract of purchase set up in plaintiffs' complaint, to wit, the sum of $1,398.95, the said Thomas Edwards and said George Gothard convey to plaintiffs herein the land and water stock in the complaint described" is affirmed.

With that exception, the judgment is reversed, and the cause remanded, with directions to the court below to try and find upon the issue raised by the allegation of defendant George Gothard, that he is the owner of said forty shares of water stock, and upon the trial of said issue the respective parties will be allowed to introduce any evidence pertinent to said issue.

HARRISON, J., PATERSON, J., McFARLAND, J., DE HA-VEN, J., and GAROUTTE, J., concurred.

Rehearing denied.