## BAKER v. BAKER et al.

## No. 14,286; November 10, 1892.

### 31 Pac. 355.

**Express Trust—Declaration in Writing.**—Under Civil Code, section 852, subdivision 1, providing that no trust in relation to real property is valid unless created and declared "by a written instrument subscribed by the trustee," such a trust is sufficiently declared by a deposition of the trustee, made in an action wherein the question of the creation of such trust was involved, and by which it appears that he so held the property in question.[1]

**Trust.**—Where a Mother Conveys Real Estate to her son, in trust, the rents and profits thereof to be used for her support, and on her death the estate to be equally divided among her heirs, and the son and other heirs voluntarily partition the same among themselves, before the mother's death, such son or his wife should not afterward be allowed to complain of such partition on the ground that it was made in violation of the trust.

**Trust.**—In an Action by the Son's Wife to Set Aside one of the partition deeds, on the ground that she did not join therein, there is no prejudicial error in refusing to allow her to introduce the judgment-roll of an action by the mother against the son, his wife, and the other heirs, to set aside the partition and enforce the trust, and wherein it was decided that the property was not held in trust, but that defendants therein, as against the mother, were the owners of the parts partitioned to them.

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Action by Isabella L. Baker against Andrew T. Baker and Mary T. Baker to set aside a deed of certain land. Judgment for defendants. Plaintiff appeals. Affirmed.

J. D. H. Chamberlin for appellant; Buck, Wheeler & Cutler for respondents.

BELCHER, C.—This action was commenced in the superior court of Humboldt county on the fifteenth day of

---

[1] **Cited** in the note in 38 L. R. A., N. S., 647, on whether the statute of frauds can be satisfied by a declaration of trust signed by the trustee alone.

March, 1889, and it is alleged in the complaint that the plaintiff is, and at all times mentioned therein was, the wife of Erastus J. Baker; that on the twenty-second day of January, 1879, she and her husband were the owners in fee and possessed of a certain described tract of land situate in Humboldt county, and containing twenty acres, more or less, and that on the day named her husband filed and caused to be recorded a declaration of homestead on the said land, in which all the facts necessary for the selection of a homestead were fully and truly set out; that the homestead was never abandoned, and thereafter, on the twenty-ninth day of September, 1886, the husband executed to the defendants a deed of the said land, in which she refused to join; that under the said deed the defendants entered into possession of the land, and have ever since claimed, and now claim, the sole and entire ownership thereof, to the exclusion of and in hostility to the plaintiff; that such claim of ownership and possession is a cloud upon plaintiff's title, and prevents her from having the full enjoyment of her homestead rights. Wherefore, she prays that the deed to defendants may be declared null and void, and that she be restored to the possession of the land. The defendants answered, denying all the averments of the complaint, and by way of cross-complaint set up facts showing that the land in controversy, with other land, was held by their grantor in trust for them and others, and that the deed complained of was made and delivered in execution of that trust. The plaintiff answered to the cross-complaint, denying most of its averments, and alleging that the affirmative defense set up therein is barred by the statute of limitations, and also by a former judgment rendered in an action, in which Elvira B. Wolverton was plaintiff, and Erastus J. Baker and others were defendants. The court below found the facts and rendered judgment in favor of the defendants, and from that judgment and an order denying her motion for a new trial the plaintiff appeals. After an elaborate discussion of the matters involved in the case, the learned counsel for appellant says in his brief: ''This appeal turns entirely upon two questions: (1) Are the findings relating to the alleged trust supported by the evidence? (2) Did the court err in the introduction and rejection of evidence to sustain or refute the said trust?'' The material and ad-

mitted facts of the case are as follows: In 1878, Elvira B. Baker was the owner of eighty acres of land in Humboldt county, of which the land in controversy was a part. She was a widow, seventy-three years of age, and had four children, Erastus J. Baker, Andrew T. Baker, Alonzo T. Baker, and Mary A. Church. On the third day of December, 1878, she, by a bargain and sale deed, expressing a consideration of $10, conveyed to her son Erastus all of her said land, and on the thirtieth day of the same month, for the expressed consideration of $1, she executed to him a second deed of the land. In the first deed there were some errors in the description of the property, and the second deed was made to correct those errors. At the time of the execution of these deeds, Erastus had a wife and three children, and was residing on the land conveyed to him, near the house of his mother, and was the only one of the three brothers who lived in the county. On the twenty-second day of January, 1879, Erastus filed and had recorded a declaration of homestead upon the said eighty acres, in which he stated that he was the head of a family, and was actually residing with his family upon the land described, and that he intended to claim and use the same as a homestead, and estimated its value to be $4,500.

On the first day of January, 1879, the mother, Elvira, married one B. F. Wolverton, and on the 12th of July of that year Erastus executed to her and her husband a written lease of about five acres of the land for the term of the natural life of the lessees, and at an annual rent of one cent. In June, 1885, Alonzo and his then wife, the defendant Mary, executed to Erastus a deed conveying to him all their right, title, and interest in and to the said eighty acres, and for this conveyance Erastus paid Alonzo $1,000 in cash. Alonzo afterward died during that year, and his widow subsequently married the defendant Andrew. In September, 1886, the two surviving brothers and sister partitioned the said eighty acres among themselves, as follows: The defendants and Mrs. Church conveyed all their right, title, and interest in and to forty acres thereof to Erastus; Erastus and the defendants conveyed all their right, title, and interest in and to twenty acres thereof to Mrs. Church; and Erastus and Mrs. Church conveyed all their right, title, and interest in and to the twenty acres thereof here in controversy to the defendants.

Upon receiving their deed, defendants entered into possession of the parcel so conveyed to them, made valuable improvements upon it, and have ever since resided thereon. In March, 1887, the mother, in the name of Elvira B. Wolverton, commenced an action in the superior court of Humboldt county, in which Erastus and his wife, the plaintiff here, Andrew and his wife, the defendants here, and Mrs. Church were made defendants. In her complaint the plaintiff alleged, among other things, that in December, 1878, she was the owner of a described tract of eighty acres of land, and that ''reposing a personal confidence in said defendant Erastus J. Baker, and by the mutual consent of said plaintiff and said defendant, and without any valuable or other consideration given or agreed to be given therefor,'' she, ''being of the age of seventy-three years or thereabouts, and infirm in mind and body, and desiring to make a suitable provision for her future support and maintenance, as well as to secure the proper distribution thereof to her heirs at law upon her death, transferred and conveyed the said lands and premises to said defendant Erastus J. Baker, upon the sole and only consideration that the said defendant should hold the same in trust for said plaintiff, and that the rents, issues, and profits and proceeds thereof should be applied in providing for and maintaining said plaintiff during her natural life in a manner suitable to her station and condition in life, and, upon her death, in trust for the benefit of, and to be delivered in equal proportions to, her heirs at law aforesaid''; that Erastus voluntarily accepted the transfer and conveyance, and ''agreed with and promised this plaintiff that, in consideration of the transfer and conveyance to him of said lands and premises as aforesaid, he, said defendant, would hold the same in trust for this plaintiff, would apply the rents, issues, profits, and proceeds thereof to the providing for and in maintaining this plaintiff during her natural life, and at her death that he would hold the same in trust for and would deliver the same to, her heirs at law in equal proportions''; that Erastus accepted the conveyance with intent to wrong, cheat, and defraud the plaintiff out of the title to, and the uses and benefits of, the said lands, and that he had violated his trust by mortgaging the land, filing a homestead thereon, and conveying described portions thereof to the other defendants, who had notice of

the trust. And the prayer was that it be adjudged that plaintiff is the owner of the lands described, and that whatever title thereto is held by the defendants, or either of them, is held in trust for the use and benefit of the plaintiff; that all of the defendants be required to make proper conveyances of the property to the plaintiff; and that the homestead of Erastus and Isabella be declared null and void. The defendants all answered jointly to the complaint, and after trial judgment was entered, in and by which it was ''ordered, adjudged, and decreed that the plaintiff is not the owner of the lands and premises described in the complaint herein, but that defendants, as against the plaintiff, are the owners thereof, in severalty, in fee simple, of the several distinctive pieces or parcels of land mentioned and described in the complaint herein, free and clear of any and all the trusts, exceptions, limitations, and conditions set forth and alleged in said complaint''; and also that the homestead carved out of the land ''by the defendant Erastus J. Baker and Isabella L. Baker, his wife, be, and the same is hereby, adjudged a valid homestead, free and clear of any and all the trusts, exceptions, limitations, and conditions set forth in the complaint herein.'' That judgment was never reversed or modified, and it is the same judgment pleaded by the plaintiff in bar of the defense set up in the cross-complaint. While that case was pending, Erastus made, subscribed, and swore to a deposition to be used in the case, and the defendants here introduced that deposition in evidence for the purpose of showing that the trust set up and relied upon by them had been declared by a written instrument, subscribed by the trustee, in a manner sufficient to meet the requirements of section 852 of the Civil Code.

It appears that the deponent, after stating that the lands in controversy in that case were conveyed to him by his mother, without any money consideration paid therefor, gave, among others, answers to questions propounded to him as follows: ''Question. On September 28, 1886, Andrew T. Baker, Mary T. Baker, and Mary A. Church conveyed to you certain land, a portion of that property? Answer. Yes, sir. Q. The consideration expressed in that deed is one dollar? A. Yes, sir. Q. For what purpose was that deed made? A. Well, as a settlement between us. Q. Settlement of what? A. Of an

interest in the property. Q. Andrew T. Baker had no interest, had he? A. If one had, another had. Q. You have told us already in this examination that the land was conveyed to you for you and Mrs. Church? A. I also told you that some of my brothers thought they ought to have the same interest as the rest of us. Q. That did not affect Andrew T. Baker, did it? A. If one had an interest, my brother had an interest, too. Q. So, then, at the time these deeds were made you considered that all the children of your mother had an interest in the property? A. Yes, sir. Q. At the same time you, Mary T. Baker, and Andrew T. Baker conveyed certain land to Mary A. Church? A. Yes, sir. Q. At that time you recognized the fact that Mary A. Church had a certain interest in that land which stood in your name? A. Yes, sir. Q. At the same time you and Mary A. Church made a deed to Andrew T. Baker and Mary T. Baker? A. Yes, sir. Q. Was that deed made for the same purpose? A. The same purpose. Q. Then at that time you recognized the fact that Andrew T. Baker held an interest in that land? A. Yes, sir. Q. Then, if I understand your testimony correctly, at the time these several deeds were made you recognized the fact that you held this land in your name for your sister, your sister in law, and your brother? A. Yes, sir. Q. You held it that way for them, and these deeds were made for the purpose of straightening out their several interests? A. Yes, sir; that is what they were for.'' Mrs. Wolverton, the mother, was called as a witness by defendants, and testified as follows: ''Question. What I want to know is, at the time this deed was made to E. J. Baker, what was the consideration of the deed— why it was—what it was that induced you to make that deed? Answer. I deeded it to him so that the children could have it after me. It was my wish that the children should have it after I was gone. Q. That was the reason you made this deed to Erastus? A. Yes, sir.'' The defendants also introduced and read in evidence the several deeds above referred to, between the brothers and sister. The evidence given by the several witnesses on direct and cross-examination was quite voluminous, but we have referred above to the most material parts of it.

The first question, then, is, Was it sufficient to justify the findings in relation to the alleged trust? In our opinion, this

question must be answered in the affirmative. A valid trust in relation to real property may be declared by a written instrument subscribed by the trustee: Civ. Code, sec. 852. And the statute will be satisfied if the trust is declared by any writing subscribed by the trustee in which the fiduciary relations between the parties can be clearly read. The writing may be executed simultaneously with or subsequent to the conveyance, and may be of a most informal nature. Letters, recitals, memoranda, affidavits, depositions, and verified pleadings have been held sufficient: 1 Perry on Trusts, sec. 82; 2 Pomeroy's Equity Jurisprudence, sec. 1007; 2 Reed's Statute of Frauds, sec. 845; Garnsey v. Gothard, 90 Cal. 603, 27 Pac. 516. The deposition read in evidence was a sufficient declaration in writing to satisfy the requirements of the code, and from it it clearly appears that Erastus took and held the legal title to the land conveyed to him by his mother in trust for his brothers and sister. And this conclusion is greatly strengthened by the fact that he bought out one brother's interest, and voluntarily joined with the other brother and sister in fairly partitioning an equal share in the property to each. It is objected, however, by appellant that, conceding Erastus held the property in trust for his brothers and sister, still it was a trust to be executed only after the death of the mother, and as they proceeded to partition the property before her death they thereby violated the trust, and are entitled to no relief in a court of equity. But the mother is not now complaining that the property was prematurely divided. When she failed in her efforts to get it back for her own use, she ceased to have any interest in its retention by Erastus till her death. And it having been voluntarily divided by Erastus, we do not think he or his wife should now be heard to complain of the division on this ground.

The next question is, Did the court err in its rulings upon the admission of evidence? Most of the evidence offered by the defendants was objected to by the plaintiff, and the objections were overruled, and exceptions reserved. It is unnecessary to speak of these rulings separately. We see no material error in them. The evidence was admissible, and the court properly overruled the objections.

In rebuttal the plaintiff offered in evidence the judgment-roll in the case of Wolverton v. Baker et al., before referred

to. The defendants objected to the offered evidence "on the ground that it did not bind the parties to this suit in any way, shape, manner, or form." The court sustained the objection, and the plaintiff excepted. It is urged for appellant that this ruling was erroneous; "that the judgment-roll offered estops the defendants in this action, and should have been admitted in evidence." And it is said: "The question of the same trust between the same parties, and the effect of the judgment in that case has been determined by this court"; citing Wolverton v. Baker, 86 Cal. 591, 25 Pac. 54. The case cited was a second action of the mother against her children, in which she again sought to have her deeds to Erastus set aside. The children pleaded in bar of the action the judgment in the first case, and the trial court sustained the plea. In deciding the case on appeal, it was said by the court: "This judgment was palpably erroneous upon the facts found, but nevertheless it prevents a relitigation of the matters determined." And again: "It is a shameful thing that a son should refuse to support his aged mother, after obtaining her property, without consideration, upon the conditions mentioned. But the law must be declared." By the judgment pleaded in bar in that case, and offered in evidence here, it was adjudged that the defendants did not hold the property in trust for the plaintiff, and it was also adjudged "that defendants, as against the plaintiff, are the owners thereof in severalty of the several distinctive pieces or parcels of land mentioned and described in the complaint herein." The plaintiff here was one of the defendants in that action, and, if the judgment can be said to operate at all as an estoppel between the defendants, we think it should be held to estop her from now claiming that the defendants here were not the owners in severalty of the parcel of land mentioned and described as owned by them. There was therefore no prejudicial error in this ruling. Looking at the whole record, we see no good ground for reversal, and therefore advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.