[Civ. No. 1554. First Appellate District.—February 16, 1916.]

## D. L. HEALY, Respondent, v. W. H. OBEAR, Appellant.

APPEAL—ORDER DISMISSING MOTION FOR A NEW TRIAL—INSUFFICIENT RECORD—CONFLICTING EVIDENCE.—On an appeal from an order dismissing a motion for a new trial on the ground of lack of prosecution, where there is no properly authenticated record on appeal, and especially where the record shows that the order appealed from was made after a hearing in which the evidence presented by parties was conflicting, the action of the lower court will not be disturbed.

ID.—APPEAL FROM JUDGMENT—MATTERS REVIEWABLE.—Where an appeal from a judgment is not taken within sixty days from its entry, the appellate court is confined to examination of the judgment-roll alone.

ID.—CONTRACT—EMPLOYMENT OF REAL ESTATE BROKER—IMPROPER DESCRIPTION OF PROPERTY—STATUTE OF FRAUDS.—A contract employing a broker to sell real property is not void because the description of the property which the broker was employed to sell is insufficient under the statute of frauds.

ID.—PLEADING—STATUTE OF FRAUDS.—In an action by a real estate broker to recover his compensation, where the defendant does not plead the statute of frauds nor deny the contract in his answer, but, on the contrary, sets up the contract and alleges that it was the agreement entered into by the parties, he cannot on appeal maintain that the contract was void under the statute of frauds.

ID.—STATUTE OF FRAUDS—DENIAL OF CONTRACT.—It is not essential that one seeking the protection of the statute of frauds must specially insist upon it in his pleadings further than to deny the execution of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order dismissing defendant's motion for a new trial. Stanley H. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Harold Ide Cruzan, and Vincent Surr, for Appellant.

James G. Maguire, E. T. Barrett, and A. E. Clausen, for Respondent.

KERRIGAN, J.—This is an appeal by defendant from a judgment against him and from an order dismissing his motion for a new trial. The action is to recover for services rendered by plaintiff to defendant as a real estate broker.

Through the neglect of the attorney who was representing the defendant when the appeal was taken, the record is not in such form as to present the points relied upon. In one aspect of the case the defendant seems to be attempting to appeal from an order denying his motion for a new trial. No such order was ever made in the case; consequently no such appeal is before us. The motion for a new trial was dismissed upon the ground of lack of prosecution. Defendant appeals from that order, but has not brought to this court any properly authenticated record upon which it can be reviewed. Moreover, it is apparent from the record which the defendant has presented that the order dismissing the motion was made after a hearing in which the evidence presented by the parties was conflicting—which furnishes an additional reason why this court cannot disturb the action of the court below.

Turning to the appeal from the judgment, it was not taken within sixty days after its entry, the consequence of which is that in its consideration we are necessarily confined to an examination of the judgment-roll. It is claimed by the appellant that at least one point is presented thereby upon which this court should reverse the judgment, viz., that the description of the property (for the sale of which the plaintiff recovered his compensation) is insufficient under the statute of frauds—such defect appearing from the contract as pleaded in the answer to the complaint and as set forth in the findings of the court. We do not think that the contract is void for the reason assigned by appellant; but however that

may be, we are satisfied that he is in no position, in view of the condition of the pleadings, to avail himself of that point. The answer did not specially plead the statute of frauds; and it is the accepted rule in this state that one seeking the protection of that statute must specially insist upon it in his pleadings. The reason for the rule is obvious. A parol agreement is neither illegal nor void; and the statute of frauds requiring a contract to be in writing is simply a weapon of defense, which the party entitled thereto may or may not use. (9 Am. & Eng. 'Ency. of Pl. & Pr. 705.) If the defendant in his answer had denied the contract on which plaintiff relies, then the question of its validity under the statute would perhaps have been raised. (*Feeney* v. *Howard,* 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984].) This he did not do, but, on the contrary, set up the contract in his answer, and alleged that it was the agreement entered into by the parties. Not having claimed the benefit of the statute, he must be considered "as waiving its protection, and as furnishing by his answer the very proof which the statute requires." (*Burt* v. *Wilson,* 28 Cal. 632, [87 Am. Dec. 142]; *Jamison* v. *Hyde,* 141 Cal. 109, 112, [74 Pac. 695].)

Judgment and order affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 16, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1916, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision of the district court of appeal of the first district, we deem it proper to say that we do not understand that it is essential that one seeking the protection of the statute of frauds must specially insist upon it in his pleadings further than to deny the execution of the contract. The district court of appeal opinion concedes that had the defendant in his answer denied the contract on which plaintiff relies, the question of its validity under the statute would have been raised. (*Feeney* v. *Howard,* 79 Cal. 525.)

The application for a hearing in this court is denied.