[Civ. No. 15743. First Dist., Div. Two. Mar. 19, 1954.]

JOHN A. RAGGHIANTI, Appellant, v. JOSEPH W. HARRIS, Respondent.

Joseph L. Alioto and Marvin J. Colangelo for Appellant.

Nathan G. Gray for Respondent.

NOURSE, P. J.—Plaintiff sued on an alleged oral contract for the purchase and sale of a one-quarter interest in defendant's business. Defendant had judgment.

Two questions are involved: (1) When a contract for the sale of property is wholly oral are the provisions of sections 1624a and 1724 of the Civil Code, and of section 1973a of the Code of Civil Procedure, requiring a written note "signed by the party to be charged," met by proof that in another unrelated action the defendant had testified that he had made such a contract? (2) Can appellant rely on the doctrine of estoppel?

The first question must be answered in the negative. In *Garnsey* v. *Gothard,* 90 Cal. 603 [27 P. 516], it was held that the verified answer in a prior proceeding admitting the execution of the contract was sufficient to take the case out of the statute. In *Baker* v. *Baker,* 3 Cal.Unrep. 597 [31 P. 355], a case involving Civil Code, section 852, subdivision 1, requiring a written instrument declaring a trust to be "subscribed by the trustee," it was held that a signed deposition was sufficient. But in both cases there was a note or memorandum "signed by the party to be charged." But here there was nothing signed by the respondent and the case comes squarely within the rule of *Hasshagen* v. *Hasshagen,* 80 Cal. 514 [22 P. 294], where it was held that the testimony of defendant in a prior proceeding was not sufficient to take the case out of the statute. This is just a simple case of our following the statute as written. If the respondent had repeated his statements to any man on the street it would have been just as ineffective as his testimony in court. Oral repetition of that which is required to be in writing does not take the place of a writing.

(2) The second question must be answered in the negative. None of the primary elements of estoppel are present. It seems to be appellant's contention that through the

admission of the contract by the respondent in his prior divorce action he thereby gained an advantage over his wife. But the former wife is not a party to this suit. There is. no evidence that respondent, through that testimony, gained an advantage over the appellant herein, or that the latter suffered any injury thereby. ■ One of the primary elements of the defense of estoppel is that the party relying on it must have been injured or prejudiced thereby. "He must show that he was misled by the conduct of the other party, that in reliance thereon, he was induced to do something which he otherwise would not have done, and that he will be injured by allowing its truth to be disproved." (10 Cal.Jur., p. 639.) Since the claim of estoppel is based wholly on the oral testimony of the respondent that such oral contract had been made, there is no showing that the appellant was injured or prejudiced by such testimony or that because of it he was induced to act upon it to his injury.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 16, 1954.