[No. B022868. Second Dist., Div. Five. May 17, 1988.]

RAYMOND ISAAC et al., Cross-complainants and Appellants, v. A & B LOAN COMPANY, INC., Cross-defendant and Respondent.

308

## COUNSEL

Milton Zerin for Cross-complainants and Appellants.

Ervin, Cohen & Jessup, Allan B. Cooper and Debra L. James for Cross-defendant and Respondent.

## OPINION

**ASHBY, Acting P. J.**—Appellants Raymond and Malka Isaac appeal from an order of dismissal following the sustaining of a demurrer, without leave to amend, to their second amended cross-complaint alleging breach of contract and bad faith denial of contract by respondent and cross-defendant A & B Loan Company, Inc.

The suit is for breach of an oral agreement for the sale by respondent to appellants of real property located at 217 West 6th Street in Los Angeles. By demurrers to the original cross-complaint, the first amended cross-complaint, and the second amended cross-complaint, respondent relied on the statute of frauds, Civil Code section 1624, subdivision (c), which renders unenforceable an agreement to convey real property unless the contract or some note or memorandum thereof is in writing subscribed by the party to be charged.[1] After unsuccessful attempts to allege a sufficient writing or note or memorandum of the oral agreement, appellants asserted two additional theories in the second amended cross-complaint, which we are called upon to review. Appellants contend that respondent should be precluded from relying on the statute of frauds because (1) respondent has made "judicial admissions" that it agreed to sell the property to appellants and (2) respondent is barred by equitable estoppel. Finding no legal merit to appellants' theories, we affirm the order of dismissal.

---

[1] Civil Code section 1624 provides in pertinent part: "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . . . (c) An agreement . . . for the sale of real property, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged."

## BACKGROUND

According to the allegations of the second amended cross-complaint, respondent and appellants entered an *oral agreement* July 13, 1985, for respondent to sell the property to appellants for $490,000. On July 22, respondent accepted a $30,000 down payment from appellants.

On July 24, 1985, a third party, Max Harry Weil, filed a complaint against respondent and appellants, seeking to set aside the trustee's sale by which respondent had acquired title to this property. Weil filed a notice of action pending (lis pendens) (Code Civ. Proc., § 409). Respondent moved to expunge the lis pendens, and subsequently obtained an order expunging lis pendens pursuant to Code of Civil Procedure section 409.2 by posting a bond in favor of Weil in the sum of $250,000. In the course of obtaining the expungement of lis pendens, respondent moved for an order shortening time for notice of its motion. In support of its application for order shortening time, respondent submitted to the court a declaration by respondent's attorney stating, "As set forth in greater detail in the Declaration of Larry Blumenstein lodged herewith, A & B Loan currently has a prospective buyer for the property upon which plaintiff has recorded the lis pendens which is the subject of the Motion to Expunge. In the absence of an order shortening time, this Motion to Expunge Lis Pendens may not be heard in time for A & B Loan to consummate the sale to the prospective buyer." The declaration of Larry Blumenstein submitted therewith stated: "I have been engaged as a consultant by A & B Loan for purposes of transactions involving real property located at 217 West 6th Street, Los Angeles, California ('the Property'). . . . On July 19, 1985, A & B Loan entered into an agreement for sale of the Property, with escrow to close on July 26, 1985. As a result of the filing of the lis pendens by plaintiff, escrow did not close as scheduled. Although the prospective buyer is still interested in purchasing the Property, he has stated that he is unwilling to purchase it unless the title difficulties caused by the lis pendens are cleared."

Subsequently respondent did not sell the property to appellants. Instead, by deed dated September 16, 1985, and recorded October 15, 1985, respondent sold the property to someone else. On October 14, 1985, respondent returned appellants' $30,000 deposit, with 10 percent interest from July 22 to October 17, 1985. On November 1, 1985, appellants filed their cross-complaint against respondent for breach of contract.

As we shall discuss, appellants' allegations are insufficient to preclude respondent from relying upon the statute of frauds in defense to appellants' cross-complaint.

JUDICIAL ADMISSION

■ Appellants contend that because in the application for order shortening time for notice of motion to expunge lis pendens, respondent urged to that court the existence of an agreement to sell the property, respondent should be precluded from asserting the statute of frauds in response to appellants' cross-complaint for breach of the alleged agreement. Appellants' argument is without legal merit because it is contrary to the way the doctrine of judicial admissions has been applied in California to contracts within the statute of frauds.

■ When a defendant who is sued upon an oral contract within the statute of frauds admits the contract in the answer to the complaint, without at the same time asserting the statute as a defense, the defendant has been held to waive the protection of the statute. *(Burt v. Wilson* (1865) 28 Cal. 632, 638; *Garnsey v. Gothard* (1891) 90 Cal. 603, 607-608 [27 P. 516]; *Healy v. Obear* (1916) 29 Cal.App. 696, 698 [157 P. 569]; see *Jamison v. Hyde* (1903) 141 Cal. 109, 112 [74 P. 695]; *Konda v. Fay* (1913) 22 Cal.App. 722, 724 [136 P. 514].) By admitting the contract in the answer to the complaint, a defendant acts "in the most solemn manner" satisfying the requirements of the statute. *(Garnsey v. Gothard, supra,* 90 Cal. at pp. 607-608.) Testimony, on the other hand, which admits the existence of an oral agreement is not sufficient to satisfy the statute. *(Hasshagen v. Hasshagen* (1889) 80 Cal. 514, 517 [22 P. 294];*Ragghianti v. Harris* (1954) 124 Cal.App.2d 17, 18 [268 P.2d 45]; *Keans, etc., Inc.* v. *Alphonso E. Bell Corp.* (1954) 126 Cal.App.2d 311, 326-327 [272 P.2d 35].)

■ In this case the statements on which appellants rely were not made in answer to appellants' cross-complaint. They were made in a proceeding involving a third party, before appellants had even filed their cross-complaint against respondent. It was unnecessary at that time for respondent to consider whether to waive or to assert the statute of frauds. Statements made against a third party, Weil, that respondent had "an agreement" to sell the property to a "prospective buyer" cannot be treated the same as a solemn judicial admission in answer to a complaint alleging a contract within the statute of frauds.

Appellants cite no California authority supporting their argument. They rely instead on a treatise discussing subsection (3), paragraph (b) of section 2-201 of the Uniform Commercial Code. (Hunter, Modern Law of Contracts (1987) ¶ 19.04[7][d], pp. 19-42.) Appellants' reliance is wholly

misplaced, because in enacting the Uniform Commercial Code for California, our Legislature specifically deleted the provision cited by appellants.[2]

The Uniform Commercial Code contains its own statute of frauds for the sale of goods, section 2-201. Subsection (3) provides: "(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . . (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made . . . ." (U. Com. Code, § 2-201(3)(b).)

However, when the California Legislature enacted California Uniform Commercial Code section 2201, it deleted paragraph (b) of subsection (3). (Cal. U. Com. Code § 2201.) The opponents expressed concern that paragraph (b) was unclear and that its adoption would change California law and perhaps compel a defendant to waive the statute by demurrer, answer to interrogatories or deposition testimony.[3]

Appellants would weaken the statute of frauds for real estate contracts in a way the Legislature was unwilling to do for sales of goods. We decline to so change the law.

### EQUITABLE ESTOPPEL

Appellants also suggest that they detrimentally relied on respondent's conduct and therefore respondent should be barred by equitable estoppel to invoke the statute of frauds. There is no merit to this argument.

---

[2] In the cases cited by the Hunter text, the state legislatures had adopted Uniform Commercial Code section 2-201(3)(b) as state policy. (*Meylor* v. *Brown* (Iowa 1979) 281 N.W.2d 632, 634; *Stoetzel* v. *Continental Textile Corp. of America* (8th Cir. 1985) 768 F.2d 217, 222 [applying Missouri law].)

[3] A report by a special committee of the State Bar was concerned that "it is not clear what the effect of this [provision] would be. For example: Would a demurrer be an 'admission' within the meaning of this provision? Can the plaintiff force the defendant to admit or deny the contract under oath, as, for example, by interrogatories or the testimony of the defendant under section 2055 of the Code of Civil Procedure? What is meant by 'otherwise in court'?" (37 State Bar J. 117, 142 (1962).)

The report of Professors Marsh and Warren for the Senate Factfinding Committee on the Judiciary similarly commented, "clearly an admission in an answer or cross-complaint would be sufficient to take the case out of the Statute under this provision. It is uncertain what effect the Code provision would give to a demurrer to a complaint alleging an oral contract. Is a demurrer the kind of admission meant by the Code? [¶] In its present form this clause is not a precise statute. Not only is the effect of a demurrer unclear, but also the right of the plaintiff to compel the defendant to admit or deny the existence of the contract is indefinite. Moreover, what does 'otherwise in court' mean? It could be construed to mean interrogatories or discovery procedure. It might be held to mean testimony in another case." (Report of Professors Harold Marsh, Jr., and William D. Warren on Proposed Amends. to the U. Com. Code (Feb. 1961), Sixth *Progress Report to the Legislature by the Sen. Factfinding Com. on the Judiciary* (1959-1961) p. 449, 1 Appen. to Sen. J. (1961 Reg. Sess.).)

■ The doctrine of estoppel to assert the statute of frauds applies where *unconscionable injury* would result from denying enforcement of the oral contract after one party has been induced by the other *seriously* to change his position in reliance on the contract or where there would be *unjust enrichment* of a party who has received the benefit of the other's performance. (*Monarco* v. *Lo Greco* (1950) 35 Cal.2d 621, 623-624 [220 P.2d 737].) ■ The second amended cross-complaint does not show any of these circumstances.

The only claim of detrimental reliance is that appellants did not immediately demand and obtain the return of their $30,000 down payment, did not cancel the alleged agreement because of the lis pendens, and cooperated with respondent in respondent's efforts to have the lis pendens expunged.[4] The second amended cross-complaint also shows, however, that respondent subsequently returned appellants' down payment with interest. The payment of money which was returned and the loss of appellants' bargain are not sufficient circumstances to invoke equitable estoppel to plead the statute of frauds. (*Oren Realty & Development Co.* v. *Superior Court* (1979) 91 Cal.App.3d 229, 235 [154 Cal.Rptr. 97]; *Carlson* v. *Richardson* (1968) 267 Cal.App.2d 204, 208 [72 Cal.Rptr. 769].) Appellants' cooperation regarding expungement of the lis pendens (fn. 4, *ante)* neither injured them nor unjustly enriched respondent, especially since respondent obtained the expungement by other means.[5]

## BAD FAITH DENIAL OF CONTRACT

■ Appellants also attempted in a separate cause of action to allege that respondent "acting in bad faith and without probable cause, denied and continues to deny the existence of a contract of sale." Appellants cite *Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752, 770 [206 Cal.Rptr. 354, 686 P.2d 1158]. Since we hold that appellants have failed to allege a binding and enforceable contract, in light of the statute of frauds, respondent's denial of the existence of a valid, binding contract cannot have been without probable cause. (*Ibid.*)

---

[4] In cooperation with respondent's counsel, for possible use in respondent's effort to expunge the lis pendens, Mr. Isaac prepared a declaration describing his prospective purchase of the property. The court file, of which the court took judicial notice (Code Civ. Proc., § 430.70; Evid. Code, § 452, subd. (d)), showed, however, that respondent did not submit the Isaac declaration to the court and that respondent obtained the expungement of lis pendens by posting a bond in Weil's favor.

[5] Since respondent is not barred by judicial admissions or equitable estoppel to invoke the statute of frauds, we need not consider alternative arguments discussed in respondent's brief.

The order of dismissal is affirmed.

Boren, J., and Kennard, J., concurred.