[No. 8,308.—In Bank.]
December 11, 1882.

## EUGENE McCARTHY v. L. LOUPE.

BROKER'S EMPLOYMENT TO SELL REAL ESTATE.—To entitle a broker to recover commissions for effecting a sale of real estate, he must show that he was employed by or on behalf of the owner to make the sale.

Id.—Usage.—It may be that, independent of the provisions of Section 1624 of the Civil Code, requiring such a contract to be in writing, the absence of an express contract might be supplied by proof of usage regulating transactions of that kind, but even before the Code proof of an express contract or of such usage was required.

Under Code, Such Employment must be in Writing—Statute of Frauds—Evidence—Contract.—Since the Code, under the provisions of Section 1624, an agreement authorizing or employing an agent or broker to purchase or sell real estate for a compensation or commission, can only be proved by the introduction of an instrument in writing. The plaintiff in this action failed to show any express contract, but claimed the right to recover what his services were reasonably worth, upon a promise implied by law.

*Held:* He could only recover upon an express contract, and therefore could not maintain this action.

New Trial, Reasons of Trial Court for Granting, not Material.— The Court below, on motion of defendant, granted a new trial, and assigned, as the ground upon which the motion was granted, error in the Court in its instruction to the jury.

*Held:* The order granting the new trial will be sustained, if it was properly granted on any other ground.

Appeal by plaintiff from an order of the Superior Court of the City and County of San Francisco granting a new trial. Hunt, J.

Action on contract. The complaint in this action, filed June 2, 1881, contains two counts. In the first count it is alleged: that on the first day of March, 1881, the defendant entered into an agreement with the plaintiff that in consideration that he, the plaintiff, would devote his time, labor, and skill in finding and securing a purchaser for a lot of land then belonging to the said defendant, situated at the south-east corner of Market and Fremont streets, in said City and County, and being ninety-one feet eight inches on Market street, by a uniform depth of one hundred and thirty-seven feet, six inches, at a price satisfactory to said defendant, the defendant would pay to the plaintiff therefor, the sum of three thousand five hundred dollars as a commission: that the plaintiff, thereupon, did, between said first day of March 1881, and the twenty-sixth day of May, 1881, devote his time, labor, and skill, in and about the said business, and on, to wit, the twenty-sixth day of May, a. d. 1881, did find and secure a purchaser for said lot of land, to wit, one, Claus Spreckels, at the price of hundred and seventy-five thousand dollars, and duly performed

all the conditions of said agreement on his part to be performed; that said price was satisfactory to said defendant, and said defendant thereupon sold the said lot of land to said Claus Spreckels, at said price; that plaintiff thereupon demanded of said defendant, said sum of thirty-five hundred dollars, but the said defendant refused to pay the same, or any part thereof, and the whole thereof is now due and payable from said defendant to the plaintiff.

In the second count it is alleged: That on, to wit, the twenty-sixth day of May, A. D. 1881, the said defendant was, and still is, justly indebted to the said plaintiff, in the sum of three thousand five hundred dollars, for the work, labor, and services of the said plaintiff theretofore, and between the first day of March, 1881, and said twenty-sixth day of May, 1881, rendered by said plaintiff, to and for said defendant at his special instance and request, in and about the finding and securing for said defendant, a purchaser, at a price satisfactory to said defendant, of the lot of land, situated in the city and county of San Francisco, State of California, on the southeast corner of Market and Fremont streets, and being ninety-one feet eight inches front on Market street, by a uniform depth of one hundred and thirty-seven and one half feet then owned by said defendant, and in consideration thereof, the said defendant then and there agreed to pay to the plaintiff, whatever the said services were reasonably worth, whenever he should be thereunto afterwards requested; that said services were reasonably worth the said sum of three thousand five hundred dollars, but though often requested to pay the same, the said defendant has refused and neglected to pay the same or any part thereof, and the whole thereof is now due and payable from said defendant to the plaintiff.

The answer of the defendant denied the making of any contract between the plaintiff and defendant, except that on the first day of March, 1881, the defendant authorized the plaintiff to sell the lot of land for one hundred and seventy-five thousand dollars, to the firm of Low & Montague; admits the sale by defendant himself to Spreckels of the land for the sum of forty thousand dollars; the conveyance by S. to defendant of another lot of land valued at fifty-five thousand dollars, and Spreckels' taking the defendant's lot subject to a

mortgage then existing thereon, and denies that the plaintiff was in any way instrumental in making the trade with Spreckels, or that the defendant is in any way indebted to the plaintiff for any services whatever. The case was tried before a jury, who returned a verdict for the plaintiff, in the sum of two thousand dollars, and judgment was given accordingly. The defendant moved for a new trial, on, among others, the following grounds: * * * Insufficiency of the evidence to justify the verdict; that the verdict is against law; errors in law occurring at the trial and excepted to by defendant.

The Court below granted the new trial, for the reason that the Court erred in giving one of its instructions to the jury. The plaintiff appealed.

*William M. Pierson,* for Appellant.

*Stanly, Stoney & Hayes,* for Respondents.

Sharpstein, J.:

The Code provides that "An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission" is "invalid unless the same or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent." (C. C., § 1624). It is not claimed that the agreement in this case or any note or memorandum thereof was in writing. But it is claimed that the plaintiff may, nevertheless, recover what his services were reasonably worth, upon a promise *implied by law,* by reason of the loss which he has sustained in rendering the service, and the benefit received by the defendant in accepting the same.

That there are cases in which the law will imply a promise to pay for services rendered by one person for another in the absence of any actual promise to pay therefor, can not be doubted. But no case has been brought to our attention in which it has been held where proof of employment is indispensable to a right to recover for services, that in the absence of such proof a recovery can be had. And to entitle a broker to recover commissions for effecting a sale of real estate, it is

indispensable that he should show that he was employed by the owner (or on his behalf) to make the sale. (*Pierce* v. *Thomas*, 4 E. D. Smith, 354; *Hinds* v. *Henry*, 36 N. J. Law, 328; Edwards on Factors, 144).

But for the provision of the Code above cited it may be that the absence of an express contract might be supplied by proof of usage regulating transactions of this kind. (*Wilkinson* v. *Martin*, 8 Car. & P. 1; *Burnett* v. *Bouch*, 9 id. 620; *Read* v. *Rann*, 10 B. & C., 438; *Winsor* v. *Dillaway*, 4 Metc. 221; *Cook* v. *Welsh*, 9 Allen, 350.) But it was held in *Hinds* v. *Henry, supra*, that a plaintiff in such a case could not recover under the common counts.

It would seem, therefore, that no recovery could have been had before the Code, without proof of an express contract or of a usage regulating such transactions. The law in such a case would never imply a contract. Since the Code, no express contract in a case like this can be of any avail unless in writing. This particular kind of contract can only be proved by the introduction of an instrument in writing. Therefore the plaintiff failed to prove an express contract, and it was upon an express contract alone that he was entitled to recover.

This is not the ground upon which the Court granted the motion for a new trial, but it is a ground upon which the respondent was entitled to have a new trial. Therefore we can not disturb the order granting it.

Order affirmed.

MORRISON, C. J., and McKINSTRY, MYRICK, ROSS, and McKEE, JJ., concurred.