[No. 8469.   Department One. — November 19, 1885.]

JONATHAN MYRES, Appellant, v. EDWARD SUR-RYHNE, Respondent.

CONTRACT — SALE OF REAL ESTATE — COMMISSION — STATUTE OF FRAUDS. — An agent employed to exchange real estate cannot recover any compensation or commission for his services in that behalf unless the services were performed under a contract in writing subscribed by the principal.

APPEAL from a judgment of the Superior Court of the county of Alameda.

The facts are stated in the opinion of the court.

LXVII. CAL. — 42.

*W. H. Allen,* for Appellant.

*Edward Lynch,* for Respondent.

The COURT. — The case arises out of an action to recover a reasonable compensation for services alleged to have been rendered by the plaintiff's assignor as a real estate agent, in bringing about an exchange of certain real properties for the defendant.

On the trial of the issue framed by the complaint and answer, plaintiff gave in evidence a book kept by the real estate agent, in which he or his clerk entered memoranda of real properties for sale or exchange. The book shows a memorandum which it was proved was furnished by the defendant and transcribed on the book by the clerk of the agent. The memorandum was as follows: —

"'Exchange, Oakland property. $25,000.' In the margin, left hand margin, 'block 690 and a part of block 511 and a part of block 527, with good improvements, nine houses, barn, coal yard, lumber yard, with all the fixtures necessary for a first-class business, with a mortgage of $6,000; Brandon, agent. *Surryhne, owner.'*" Appended to this entry there was a diagram of the property showing the location of the blocks and the streets by which they were bounded.

It was not claimed, nor is it now, that this memorandum constituted a contract or a note, or memorandum of a contract for the payment of compensation or commission to the agent. But in connection with it the plaintiff asked of a witness "to state what services, if any, was performed by the agent in procuring an exchange of real estate between defendant and Mr. Tinson." To that the defendant objected unless the plaintiff proposed to show a contract in writing between the defendant and the real estate agent for the alleged services. Upon an intimation by the court that the objection would be sustained, unless written authority was shown, plaintiff made the following offer: —

"We offer to prove that plaintiff's assignor was employed by defendant as stated in the complaint, to perform and did perform the services mentioned in the complaint; that in fact he did perform such services, and the value thereof was and is $600; that there was no contract, agreement, or memorandum in writing

subscribed by defendant or his agent, employing or authorizing plaintiff's assignor to make such sale or exchange, or do or perform the acts specified in the complaint, other than said book." Defendant objected to the offer, and the court against plaintiff's exception sustained the objection, on the ground that there was no contract in writing subscribed by the defendant, as required by subdivision 6 of section 1624 of the Civil Code.

The ruling is sustained by *McCarty* v. *Loupe*, 62 Cal. 299; *Pacific Land and Trust Company* v. *Blockman*, 11 Pac. C. L. J. 24; and *Schuller* v. *Farquarson*, 5 West C. Rep. 583; and upon the authority of those cases the judgment appealed from is affirmed. Motion to dismiss appeal denied.