[S. F. No. 3385.    Department One.—November 27, 1903.]

## H. H. JAMISON, Appellant, v. CATHARINE HYDE, Respondent.

BROKER'S SALE OF REAL ESTATE—COMMISSIONS—ADMINISTRATION · SALE —STATUTE OF FRAUDS—AMENDMENT OF ANSWER—CHANGE OF ADMISSION TO DENIAL.—An answer to an action by a real estate agent to recover commissions for the sale of real estate, which admitted the contract, and pleaded that it was made by her as administratrix of the estate of a deceased person, and not otherwise, and which also alleged for a separate defense that the contract was oral, and was void under the statute of frauds, specially pleaded, does not admit the validity of the contract; and it was not an abuse of discretion to allow an amendment at the trial of the first part of the answer so as to deny the existence of the contract, and thus remove a possible ambiguity in the answer.

ID.—ADMISSION OF CONTRACT—PLEA OF STATUTE OF FRAUDS.—The answer admitting the contract alleged did not waive the protection of the statute of frauds, where the contract was expressly alleged to have been oral, and the statute of frauds was specially pleaded. In such case the rights of the defendant stood as if no admission had been made or amendment allowed.

ID.—BURDEN OF PROOF—NONSUIT.—The burden of proof under the original answer was upon the plaintiff to prove a contract in writing, and where no such proof was made, and after amendment of the answer the plaintiff was allowed an opportunity to introduce further proof, but produced none, a nonsuit was properly granted.

ID.—REASONABLE VALUE OF SERVICES NOT RECOVERABLE.—Where there was no contract in writing for the employment of the plaintiff to sell the real estate, plaintiff was not entitled to recover the reasonable value of his services in selling it.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

B. McFadden, for Appellant.

The contract having been fully performed by the plaintiff, it was taken out of the statute of frauds.   (*Hoffman* v. *Fett,* 39 Cal. 109; *Bates* v. *Babcock,* 95 Cal. 479, 488;[1] *Coward* v. *Clinton,* 79 Cal. 23; *Niland* v. *Murphy,* 73 Wis. 326; *Breaux*

---

[1] 29 Am. St. Rep. 133.

v. *Simon,* 132 N. Y. 280;[1] *Towley* v. *Moore,* 30 Ohio St. 185.[2])
The amendment of the answer changing an express admission
of the contract to a denial thereof was not "in furtherance
of justice." (Code Civ. Proc., sec. 473.) Facts alleged in the
complaint and admitted in the answer become admitted facts
in the case (*Merguire* v. *O'Donnell,* 103 Cal. 50), and are
conclusive against the defendant (*Blankman* v. *Vallejo,* 15 Cal.
638, 645; *Doll* v. *Good,* 38 Cal. 287), and no evidence thereof
is required. (*McGowan* v. *McDonald,* 111 Cal. 57;[3] *McDonald*
v. *Poole,* 113 Cal. 437; *Plass* v. *Plass,* 121 Cal. 131.)

J. E. McElroy, for Respondent.

The contract being oral, the plaintiff was not entitled to
recover. (*McCarthy* v. *Loupe,* 62 Cal. 299; *Myres* v. *Surryhne,*
67 Cal. 657; *Zeimer* v. *Antisell,* 75 Cal. 509; *Toomey* v.
*Dunphy,* 86 Cal. 639; *Platt* v. *Butcher,* 112 Cal. 634; *Mc-
Geary* v. *Satchwell,* 129 Cal. 389; *McPhail* v. *Buell,* 87 Cal.
115; *Shanklin* v. *Hall,* 100 Cal. 26.) The amendment of the
answer was in the discretion of the court. (10 Am. & Eng.
Ency. of Plead. & Prac., 518; *Crosby* v. *Clark,* 132 Cal. 1;
*McDougald* v. *Hulet,* 132 Cal. 154; *Palace Hardware Co.* v.
*Smith,* 134 Cal. 351; *Kirstein* v. *Madden,* 38 Cal. 163; *Dorn* v.
*Baker,* 96 Cal. 206.) Appellant was not prejudiced by the
amendment, and the allowance cannot be ground for reversal.
(*Green* v. *Burr,* 131 Cal. 236; *Shadburne* v. *Daly,* 76 Cal. 355;
*Beronio* v. *Southern Pacific Co.,* 86 Cal. 415;[4] *Bulwer Con. M.
Co.* v. *Standard Con. M. Co.,* 83 Cal. 613; *Southern Pacific
Co.* v. *Purcell,* 77 Cal. 69.)

GRAY, C.—The complaint alleges that one Snyder is a
real-estate agent and broker, and sets forth a cause of action
in the first count on a contract for commissions on a sale of
real estate for defendant by said Snyder. In the second count
of the complaint a cause of action is alleged "on account of
services of the value of $562.50 theretofore and within two
years next last past rendered by him (said Snyder) for said
defendant at her special instance and request." Plaintiff sues
as the assignee of Snyder. The defendant in her first amended

---

[1] 28 Am. St. Rep. 570, and note.        [3] 52 Am. St. Rep. 149.
[2] 27 Am. Rep. 434.        [4] 21 Am. St. Rep. 57.

answer admitted the contract with Snyder, but averred that the same was made by her as "administratrix of the estate of Maurice Hyde, deceased, and in no other capacity and not otherwise." Defendant also alleged as a separate defense that the contract of employment of Snyder set out in the complaint was made orally and not in writing, and that the same "is barred and invalid by the provisions of subdivision 6 of section 1624 of the Civil Code of the state of California."

The case went to trial on the issues thus made by the first amended answer. The plaintiff seems to have assumed the burden of showing that the contract of employment was in writing, for upon the trial he introduced in evidence a receipt signed by defendant's attorney in the estate referred to, a report of a sale of real estate made in the matter of said estate, and a check drawn by the purchaser at said sale. These documents, the appellant now urges, constitute a memorandum sufficient to satisfy the statute of frauds pleaded. We therefore presume that they were introduced for that purpose upon the trial. We can see no other possible use for them. After the introduction of the foregoing documents the plaintiff called Snyder as a witness, who testified to the reasonable value of his services in making the sale, and placed in evidence a written assignment of his claim to plaintiff. Thereupon plaintiff rested his case, and the defendant immediately moved to be permitted to amend her amended answer by changing the admission of the contract of employment into a denial of the same. Against the objection and exception of plaintiff, defendant was allowed thus to amend her answer. The court then informed the plaintiff that he might introduce any further evidence he might think necessary. But plaintiff put in no further evidence, and the defendant thereupon moved for a nonsuit on the grounds that "plaintiff has not made out a case against the defendant"; that the contract of employment set forth in the complaint is not supported by any competent evidence; "and also that the case is one violative of subdivision 6 of section 1624 of the Civil Code." The nonsuit was granted and judgment in defendant's favor accordingly rendered.

Plaintiff appeals from the judgment, and the points urged by him are two in number. He says that it was not in furtherance of justice, and was an abuse of discretion to allow the

last amendment to the answer, and that the court erred in granting the nonsuit.

The answer as it stood before the final amendment to it did not admit the validity of the contract employing Snyder, as appellant seems to assume, but, on the contrary, it admitted that such an oral contract was entered into, but pleaded that the same was invalid because not in writing, and instead of waiving the statute of frauds, specially pleaded it, and thereby claimed the benefit of it. It is well said in *Burt* v. *Wilson,* 28 Cal. 638,[1] that ''if a defendant sought to be charged upon a contract within the statute of frauds, admits the contract in his answer, and does not claim the benefit of the statute, he is considered as waiving its protection and as furnishing by his answer the very proof which the statute requires. But if the admission is coupled with a claim to the protection of the statute, the rights of the party stand as though the admission had not been made (2 Story's Equity Jurisprudence, sec. 757).'' The last amendment to the answer, then, was not of much importance, as defendant's real defense was the statute of frauds, and she could have had the full benefit of this defense, and was entitled to the nonsuit without the final amendment to her answer, because the defendant had failed to show any valid contract of employment, there being no reference to any employment or agreement for commissions or other compensation in any of the writings introduced in evidence by him. It is true that is was not necessary that plaintiff should allege in his complaint that the contract was in writing. It would be presumed to be in writing from the allegation that such a contract was made, but when the plaintiff came to his proofs his assumption that the burden was on him, the statute being pleaded, not only to show a contract but a valid contract, was undoubtedly correct. And to do this he must show that the contract of employment was in writing. (Brown on Statute of Frauds, 5th ed., sec. 535.) This he failed to do, and there being no admission of a valid contract, but a special plea that the contract relied on was invalid, the nonsuit was properly granted, on the ground of the statute of frauds relied on by defendant in her answer. There was neither error nor impropriety in the action of the court in allowing the final amendment to the answer, for while

---

[1] 87 Am. Dec. 142.

the nonsuit could with propriety have been granted without the amendment and the amendment was perhaps not strictly necessary, yet there was a possible ambiguity in the answer which could be and was obviated by the amendment. The court should always be liberal in allowing amendments which may remove a possible ambiguity in a pleading, and we see no abuse of discretion in this instance.

There being no contract of employment in writing, it is clear also that plaintiff is not entitled to recover the reasonable value of the services under the second count of his complaint. This question has long been settled by the decisions of this court. (*McCarthy* v. *Loupe,* 62 Cal. 299; *Myres* v. *Surryhne,* 67 Cal. 657; *McGeary* v. *Catchwell,* 129 Cal. 389.)

We advise that the judgment be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.