[Civ. No. 971. Second Appellate District.—May 6, 1911.]

**J. H. STRAIT, Appellant, v. MARY WILKINS and THOMAS WILKINS, Her Husband, Respondents.**

ACTION FOR BREACH OF CONTRACT TO EXCHANGE LANDS—DEFENSE OF FALSE REPRESENTATIONS—FINDINGS—SUPPORT OF JUDGMENT—GENERAL RULE.—In an action to recover damages for breach of a contract to exchange lands, it is held that the findings of the court as to false representations made by the plaintiff as to the value of his lands to induce the exchange are sufficient to sustain a judgment for defendant, under the general rule that "whenever a party states a matter which might be otherwise only an opinion, and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact, and rely upon it as such, then the statement clearly becomes an affirmation of a fact, within the meaning of the general rule, and may be a fraudulent representation."

ID.—GENERAL RULE INAPPLICABLE TO EVIDENCE—EXCESSIVE VALUES FIXED UPON PROPERTY OF EACH PARTY—NONRELIANCE UPON REPRESENTATIONS.—Such general rule is inapplicable to the evidence when the case is presented thereby where each party fixed excessive values upon the property sought to be included in the trade, which was a fact understood by all, and it is evident that the defendant did not rely upon plaintiff's representations in the sense required to render a statement of value one of fact. The wholesome general rule above stated was never intended to establish that where parties agree upon inflated values, and each has an opportunity to determine the true value, one might neglect the opportunity, and, if subsequently to his interest, avoid the contract merely because an inflated value was fixed by the other party to the exchange.

ID.—STATEMENT THAT MORTGAGE NOT DUE CAN STAND—OPINION.—The statement that a mortgage not due for six months can stand is not a false statement, and the statement that it might be renewed indefinitely is but a mere expression of opinion.

ID.—CONTRACT NOT MADE IN RELIANCE UPON ANY FALSE STATEMENT OF FACT.—It is held that there is no evidence in the record tending to show that the contract was made by defendant in reliance upon any false statement of fact.

ID.—ABSENCE OF DEFENSE TO DAMAGES—CONTRACT BY MARRIED WOMAN. This case being one of damages for breach of a contract to exchange property agreed to be conveyed by the defendant, though she is a married woman, it is immaterial whether the property is her own or her husband's; if she is unable to comply, and neglects and refuses to comply, with her contract, she is liable in damages for its breach, and has no defense thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

John E. Daly, for Respondent.

ALLEN, P. J.—Action to recover damages for breach of contract to convey real property. The case presented by the record is somewhat unique. Plaintiff, the owner of certain premises at Redlands, entered into an agreement in writing on June 19, 1907, with defendant Mary Wilkins, to exchange the same at an agreed value of $6,500 for other property at

Covina, the agreed value of which was fixed at $10,500. In such agreement defendant agreed to assume a mortgage of $3,000 on the Redlands property, and plaintiff agreed to pay defendant $500 in cash and execute a mortgage to defendant for $6,500 on the Covina property. Defendant, on June 28th gave notice of the repudiation of the contract, on the ground that the Covina property was community property over which she had no control, and further, that the written instrument was insufficient in form to constitute a valid agreement of sale and transfer. Thereupon, this action for damages, on account of defendant's failure and refusal to carry out the contract, was commenced. Plaintiff, with the evident purpose of enhancing damages, alleged that his property at Redlands was of the market value of $5,000 only at the time of making the contract, while the property of defendant so agreed to be exchanged was of the value of $12,000. Defendant, having the matter of damages in view, alleged that plaintiff's property at the time of the transfer was of the value of $6,500, while her property at Covina was worth only $9,500. By a separate defense, defendant alleges that the property of plaintiff was only worth $6,000; that plaintiff represented to her that the mortgage of $3,000 had a considerable time to run before maturity, and that the holder would extend the time of payment as long as defendant might desire. She alleges that plaintiff's representations as to the value of $6,500, the fact that the mortgage did not have a considerable time to run, and that the mortgagee would renew, were statements false and by plaintiff known to be false when made. The trial court found the value of plaintiff's property to be $5,000, in contradiction of defendant's admission, and that the representations as to the value and statements as to the mortgage were untrue, and known by plaintiff to be untrue when made, and that defendant relied upon such representations in making the exchange. Judgment was rendered in favor of defendant, from which judgment, and an order denying a new trial, plaintiff appeals.

The findings of the court as to the false character of the representations in relation to value, and the reliance of defendant thereon, are sufficient to sustain the judgment under the rule that, "wherever a party states a matter which might otherwise be only an opinion, and does not state it as the

mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact and rely and act upon it as such, then the statement clearly becomes an affirmation of fact within the meaning of the general rule, and may be a fraudulent misrepresentation.'' This is approved in *Crandall* v. *Parks,* 152 Cal. 776, [93 Pac. 1018]. The question, therefore, for determination upon this appeal is as to the sufficiency of the evidence to support these findings. It appears from the bill of exceptions that at and before the execution of the written contract defendant and her husband were at Redlands; that they each examined the property of plaintiff; that defendant made independent inquiry as to value and was advised that the price fixed by plaintiff was in excess of what other property in the vicinity was worth. Defendant further stated that she was putting in her property at Covina for $2,500 in excess of its market value; that when plaintiff questioned the value of $10,500 placed by her upon the Covina property, the defendant replied to him that it was worth that sum if his property was worth $6,500. In other words, as testified by the husband of defendant, the values were made the basis of the trade, plaintiff not believing that defendant's property was worth the price asked for it in the trade. A case is presented where each party fixed excessive values upon the property sought to be included in the trade— a fact understood by all. It is evident that defendant did not rely upon plaintiff's representations in the sense required to render a statement of value one of fact. The wholesome rule heretofore referred to in relation to such statements comprehends instances where opportunity is not at hand to ascertain value otherwise than from statements. It was never intended to establish a rule that where parties have an equal opportunity to determine value, that one might neglect the opportunity and, if subsequently to his interest, avoid a contract merely because an inflated value was fixed by the other party to the exchange. To apply such rule generally in the ordinary affairs of life, when opportunity exists to ascertain the truth, would be to encourage rather than to prevent or punish fraud.

As to the findings in relation to the statements with reference to the mortgage, it clearly appears that no false state-

ment was made. It was stated that a considerable time elapsed. This was true. The mortgage was not due for six months, which, in the ordinary affairs of life, may be said to be a very considerable time. In addition, the mortgage was of record. Defendant admits that immediately after signing the paper (whether before delivery or not, does not appear) she sent a messenger to the recorder's office to ascertain the exact time of maturity, and it appears that she sought to make a contract with a local bank for a loan to take up the mortgage when due. The statement that the mortgage could be renewed indefinitely could not, in the nature of things, amount to more than an expression of opinion. Defendant must be held to know that a stranger could not control the action of the mortgagee with reference to his contract of mortgage. It is obvious from a reading of the record that the matter of fraudulent representations is an afterthought, urged by defendant after she had determined that a right of repudiation avoiding damages did not exist simply because the Covina property was that of the community. We are of opinion that there is no evidence in the record tending to show that the contract was made in reliance upon any statement of fact thereafter found to be false. This action being one for damages, it is immaterial as to the character of the property agreed to be conveyed by defendant. Although a married woman, she might contract to sell property, whether of her own or of someone else, and if she is unable to comply, and neglects and refuses so to do, is liable in damages for the breach.

In our opinion, the trial court erred in denying the motion for a new trial, and such order is reversed and cause remanded for further proceedings.

James, J., and Shaw, J., concurred.