[Civ. No. 1327.. Second Appellate District.—September 20, 1913.]

ANTON KONDA, Appellant, v. F. E. FAY, Respondent.

BROKER—EXCHANGE OF PROPERTIES—WRITTEN AGREEMENT—ACTION FOR COMPENSATION.—If a real estate broker, in his action to enforce a clause for compensation in an exchange agreement executed between the owners of real properties, does not claim employment by the defendant, but such employment is pleaded by the defendant as the basis of establishing a confidential relation in order to show that he was induced to execute the exchange agreement through false statements of the agent, the burden is upon the defendant to show such agency and relationship, and in the absence of evidence in that behalf, a finding of such employment and relationship is without support.

ID.—VALUE OF PROPERTY—REPRESENTATIONS BY AGENT.—A statement made by the broker as to the market value of the property is not to be regarded as a statement of fact but only a matter of opinion, if the opportunity is present to ascertain the weight to be given it and to ascertain the real market value.

ID.—MARKET VALUE—WHO MAY GIVE TESTIMONY RESPECTING.—The market value of real estate is not a question of science or skill upon which only an expert can give an opinion; persons living in the neighborhood may be presumed to have sufficient knowledge of such value.

ID.—STATEMENT AS TO VALUE—WHETHER AN OPINION OR AN AFFIRMATION OF FACT.—A statement as to value, expressed not as an opinion but as an existing fact material to the transaction, becomes an affirmation of fact, when no opportunity is at hand to ascertain the value otherwise than from statements; but there is no rule that where parties to an exchange have an equal opportunity to determine

value, one may neglect the opportunity and subsequently avoid the transaction merely because an inflated value is fixed by the other party.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Murry & Knupp, for Appellant.

William L. Kuehn, for Respondent.

ALLEN, P. J.—Plaintiff declared upon a written agreement entered into between defendant and one Pluth through which an exchange of real property was sought to be effected. This agreement, after a specification of the terms of exchange, contained a further agreement: "That each shall pay one-half of the commission to Anton Konda for his services as agent in arranging this exchange, and that each agrees to pay as his part of such commission the sum of $500." Defendant by his answer admitted the execution of the agreement, but alleged that plaintiff was in his employ as agent to effect the exchange, and that by reason of false and fraudulent representations of plaintiff as to the value of the premises owned by Pluth, and in relation to the amount which a certain local bank was ready and willing to loan thereon, he was induced to enter into the agreement. That before plaintiff brought the suit and upon discovery of the fraud, he paid Pluth a sum of money to be released from the contract and the same was by the agreement of the parties rescinded. The trial court found that before the exchange defendant had employed plaintiff to effect and procure such exchange; that a confidential relation therefore existed, and that plaintiff had made the false statements alleged knowing the same to be false, upon the truth of which defendant relied and was thereby deceived and misled to his injury; that defendant was a stranger in the vicinity of the lands and did not know the market value, nor the value placed thereon by the bank, or the amount which it would loan thereon, but in the proposed exchange confided altogether in the statements of

plaintiff as agent. Judgment was accordingly entered in defendant's favor, from which, and an order denying a new trial, plaintiff appeals upon a statement of the case.

Appellant insists upon the inaccuray of the finding with reference to his employment and the relation of agency found to exist. Were the action one to recover commissions due under an alleged employment, and the answer admitted the employment, no proof of written employment would be necessary, as required by subdivision 6 of section 1624 of the Civil Code, as the answer furnishes the proof which the statute requires. (*Jamison* v. *Hyde,* 141 Cal. 112, [74 Pac. 695].) But where, as in this case, such employment is not claimed by plaintiff and the fact thereof is pleaded by defendant as a basis of establishing a confidential relation, in order to change the rule affecting false statements of value when considered as tending to establish fraud, it should follow that such prior agency should be proven by defendant, as under our system of pleading the denial thereof by plaintiff is presumed. The record discloses no evidence tending to show such confidential relation between defendant and plaintiff before or when the exchange agreement was executed. On the contrary, it appears that a valid agreement for commissions had been entered into between plaintiff and Pluth through which Pluth had agreed to pay plaintiff, upon effecting an exchange acceptable to him, five per cent upon an estimated value of twenty thousand dollars. The situation of the parties at the time of the exchange was this: That upon the exchange being effected Pluth was obligated to pay plaintiff one thousand dollars, and defendant was under no legal obligation to pay him anything. This condition being recognized by the contracting parties, and obviously intending to relieve plaintiff of part of the burden, it was agreed between Pluth and defendant that defendant would pay plaintiff one-half of the amount due from Pluth. This contract being one expressly for the benefit of plaintiff, he possessed the right, under section 1559 of the Civil Code, to enforce the same at any time before the parties thereto rescinded it, and it was this right which plaintiff by his action was seeking to enforce. Omitting, then, from consideration the allegations of employment found in the answer, there is

no evidence supporting the finding that plaintiff in the matter of the exchange was acting as the agent of defendant.

There remains the question as to the effect which should be given false statements of market value, either by Pluth or his agent. There is found in the record nothing tending to show that either Pluth or plaintiff assumed a knowledge of value based upon other declared statements of fact, as was the case in *Winkler* v. *Jerrue,* 20 Cal. App. 555, [129 Pac. 804], nor any evidence tending to show that the expressed opinion as to the value was a dishonest one, in which case deceit, if practiced, an action therefor would not lie. (*Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 573, [42 L. R. A. (N. S.) 125, 126 Pac. 351].) In fact, there is nothing in the record tending to show the value of defendant's property which was exchanged, and as a consequence that through the exchange he had paid what was the equivalent of one hundred and twenty-five dollars per acre. The statement of the case shows that defendant made four trips to examine this land, tested the soil and made a critical examination thereof. Market value is not a question of science or skill upon which only an expert can give an opinion. Persons living in the neighborhood may be presumed to have sufficient knowledge of the market value. (*Spring Valley W. W.* v. *Drinkhouse,* 92 Cal. 540, [28 Pac. 681]. Pomeroy's Equity Jurisprudence, 3d edition, section 878, lays down the rule that a statement as to value expressed, not as an opinion, but as an existing fact material to the transaction, becomes an affirmation of fact. This is true when no opportunity is at hand to ascertain value otherwise than from statements, but as said in *Strait* v. *Wilkins,* 16 Cal. App. 188, [116 Pac. 685] : "It was never intended to establish a rule that where parties have an equal opportunity to determine value, that one might neglect the opportunity and, if subsequently to his interest, avoid the contract merely because an inflated value was fixed by the other party to the exchange. To apply such rule generally in the ordinary affairs of life, where opportunity exists to ascertain the truth, would be to encourage rather than to prevent or punish fraud." The land of Pluth is shown to be in the vicinity of Porterville, where the bank referred to was located. Defendant had every opportunity, through inquiry of neighbors, or of the bank, to ascertain the

market value of the property; or, if he wanted a loan, to have ascertained from the bank what amount it would loan thereon. He should not be permitted to blindly rely upon statements of interested parties when means of correct information was at hand. We regard the statements made by plaintiff to him as matters of opinion only, and not such statements as would warrant defendant in treating the same as statements of fact when the opportunity was present to ascertain the weight which should be given them. In our opinion, therefore, the finding as to the confidential relation between plaintiff and defendant being unsupported, that eliminating such confidential relation, the representations found to have been made under the circumstances were not such as to entitle defendant to be relieved from his contract. The record contains evidence fully supporting the allegation of defendant in his answer to the effect that the agreement made for plaintiff's benefit had been rescinded before suit, but no finding was made thereon. Had a finding been made in conformity to the proof in the record, the judgment would be affirmed, notwithstanding the errors to which reference has heretofore been made. It is not within the province of this court to supply omitted findings, and the judgment will, therefore, be reversed and cause remanded for a new trial.

James, J., and Shaw, J., concurred.