[Civ. No. 2312.    Third Appellate District.—July 8, 1921.]

# ROBERT L. DALLAS et al., Respondents, v. N. E. DE YOE, Appellant.

[1] NEGLIGENCE—KILLING OF PEDESTRIAN—BACKING OF AUTOMOBILE— METHOD OF STOPPING—QUESTION FOR JURY—APPEAL.—In an action for the death of a pedestrian caused by the backing down upon her of an automobile, where there was evidence that the defendant's right foot became fastened between the foot-brake and accelerator and he lost control of his car, and it further appeared that of the three methods of stopping automobiles the defendant adopted the least effective, the question whether the defendant was negligent under all the circumstances in omitting to use one of the more effective methods was a question upon which the finding of the jury is conclusive on appeal.

[2] ID.—PLEADING—ACTS OF NEGLIGENCE.—In such action it was not necessary for the amended complaint to disclose the acts or omissions constituting the alleged negligence, it being alleged that the defendant did negligently, carelessly, recklessly, suddenly, abruptly, and without warning of any kind to any person and without due regard to the safety of pedestrians unlawfully back his automobile, etc.

[3] ID.—EXPERIENCE OF DEFENDANT—FAMILIARITY WITH APPLIANCES— CONSIDERATION OF EVIDENCE.—In determining the defendant's experience and whether or not he was familiar with the appliances for the control of his automobile and whether he was confused in the use of them, the jurors were not bound to accept his statements as conclusive, but they had the right to consider all of his acts and omissions at the time of the accident.

[4] ID.—CAUSE OF ACCIDENT—INSTRUCTIONS. — Where it devolved upon the jury to decide whether the injuries inflicted were due to an unavoidable accident, to the defendant's inexperience, to his

lack of familiarity with the control appliances of his automobile, or to his confusion, it was proper to state the law applicable to all conclusions which might legitimately be drawn from the evidence.

[5] ID.—VERDICT NOT EXCESSIVE.—An award of $11,875 as damages for the death of a woman of the age of fifty-one years cannot be said to be excessive, where she was educated and devoted to her husband and three children of the ages of fourteen, nineteen, and twenty years.

[6] ID.—EXPECTANCY OF LIFE—MORTALITY TABLES.—In an action for damages for death, mortality tables are admissible but not essential.

[7] EVIDENCE—HEALTH—PRESUMPTION.—It is presumed that a person is in average normal health, in the absence of evidence to the contrary.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Carlson and L. J. Maddux for Appellant.

R. R. Fowler and James C. Nichols for Respondents.

FINCH, P. J.—The plaintiffs recovered judgment against the defendant in the sum of $11,875 as damages for the death of Martha R. Dallas, the wife of plaintiff Robert R. Dallas and mother of the other plaintiffs. The defendant appeals from the judgment.

The undisputed facts are that the defendant was in his automobile, a Hudson Super Six, on the east side of Tenth Street, in the city of Modesto, facing north, immediately preceding the time of the injury of which complaint is made. Other automobiles were parked diagonally across the center line of the street. The defendant threw the control lever into reverse and commenced to back his car for the purpose of gaining clearance to pass another machine in front. From some cause, as to the exact nature of which conflicting inferences may be drawn from the evidence, the

---

5. Excessiveness of verdict for death by wrongful act, notes, 18 Ann. Cas. 1209; Ann. Cas. 1915C, 449; inadequacy of verdict, note, Ann. Cas. 1916B, 460.

powerful machine at once got beyond the defendant's control, the engine "roaring like an airplane" and the automobile, speeding backward in a semi-circle to the west, passed partly through a vacant parking space, struck a Ford and threw it out of its path, and continued on its course over the curbstone and on to the sidewalk, where it was brought to a standstill by striking a pier near the entrance to the Modesto Theater on the west side of the street, the machine then facing the southeast. The engine was running with such force that after the automobile had been stopped by the pier the wheels continued to spin in reverse until the ignition was disconnected by defendant's son, who arrived upon the scene immediately after the injury. Mrs. Dallas, who happened to be walking along the sidewalk near the pier mentioned, was struck by the automobile with such force that she died within a few minutes thereafter.

[1] The defendant denies negligence and contends that the death of Mrs. Dallas was due to an unavoidable accident and that there is no evidence to support the verdict and judgment. This court is called upon to decide, not whether negligence was proven by a preponderance of the evidence, but whether there was sufficient evidence to support the implied finding of the jury. In order to determine this question it will not be necessary to review the entire evidence, because the jury might logically have inferred that the defendant was negligent from a consideration of his own testimony. He testified that he had owned and run the Hudson for more than a year and a Cadillac for six years before the purchase of the Hudson; that at the time of the accident his right foot became fastened between the foot-brake and the accelerator in such manner that he could not extricate it; that he attempted unsuccessfully to throw the control lever into neutral and at some stage of his course put on the emergency-brake; that he could not use the foot-brake on account of the position of his right foot; that his left foot was free and he thought he tried to disengage the clutch with it; and that he did not disconnect the ignition. At first the defendant said his right foot was caught between the accelerator and the clutch pedal, but he finally said he was quite sure it was between the accelerator and the foot-brake, and, of course, the jury would be justified in so finding. The accelerator is located between the foot-brake and

the clutch pedal, the foot-brake being to the right. There was testimony to the effect that it is not probable the defendant's foot could have been caught in the manner described by him; that the car had traveled not less than sixty feet before striking the pier; that if the ignition had been disconnected or the clutch disengaged the machine would have stopped within a few feet. There are at least three usual methods of stopping an automobile; disengaging the clutch, putting on the brakes, and disconnecting the ignition. The jury was justified in finding that of these three methods the defendant adopted the least effective—that of using the emergency-brake. Whether the defendant was negligent, under all the circumstances disclosed, in omitting to use the more effective means is a question upon which the finding of the jury is conclusive on appeal.

[2]  The appellant assigns the overruling of his demurrer to the amended complaint as error. The complaint alleged that the defendant "did, negligently, carelessly, recklessly, suddenly, abruptly, and without warning of any kind to any person or persons or pedestrians then and there walking or being upon said sidewalk or upon said street or highway . . . and without due or any regard to the safety of said persons or said pedestrians at the time and place last aforesaid, unlawfully back" his automobile in the manner and with the result in this opinion stated. It is urged that the complaint does not disclose what acts or omissions constituted the alleged negligence. The case of *Stein* v. *United Railroads,* 159 Cal. 368, [113 Pac. 663], furnishes a complete answer to the objections made. The defendant moved to strike out the words "negligently," "carelessly," "recklessly," "suddenly," "abruptly," and other similar words and phrases on the ground that they are "irrelevant, redundant, and immaterial." There was no error in denying the motion. The plaintiffs may have used an unnecessary multiplicity of adverbs but the defendant could suffer no prejudice therefrom.

The appellant complains of certain instructions given by the court. The jurors were instructed that if they found that the injuries "were caused solely by the defendant on account of his lack of knowledge, skill, or experience in the management, control, or operation of said automobile, and that an ordinarily prudent, careful, cautious, and skillful

man . . . in the due exercise of reasonable care, caution, and skill, could have avoided such injuries, then you are instructed that defendant's lack of knowledge, skill, or experience in the operation and driving of said automobile constitutes, and is, under such circumstances, negligence on his part." By instruction No. 20 the court stated that if the defendant became so confused that he omitted to make proper use of the appliances for the control of the automobile and that an "ordinarily prudent and careful man, in the exercise of ordinary prudence and care," would have controlled the machine and avoided the accident, then the failure of the defendant to control the same was negligence on his part. By instruction No. 21 the jurors were told that they were entitled to consider, in arriving at their verdict, "the familiarity or knowledge of the defendant with the appliances for the control and operation of his automobile, and his experience and skill, or lack thereof, in the management or control of said automobile." The objection is made that there was neither issue nor proof to which the foregoing instructions were applicable. There is no doubt but that the issues submitted by the instructions were embraced within the general allegations of negligence. [3] In determining the defendant's experience and whether or not he was familiar with the appliances for the control of his automobile and whether he was confused in the use of them, the jurors were not bound to accept his statements as conclusive, but they had a right to consider all of his acts and omissions at the time of the tragedy. He failed to throw out the clutch or push the switch button. When asked if he did not know that he could stop the machine by pushing in the switch button he replied that he knew it would stop the engine, that he did not push the button because "that wasn't the way I had been accustomed to stopping my car." [4] It devolved upon the jury to determine whether the injuries inflicted were due to an unavoidable accident, to the defendant's inexperience, to his lack of familiarity with the control appliances, or to his confusion. Since the court could not know what the jury would find to be the cause, it was proper to state the law applicable to all conclusions which might legitimately be drawn from the evidence. It is not contended that the instructions did not accurately state the law as an abstract

proposition, but that there was no evidence upon which to predicate them. As to the correctness of the instructions the following cases are in point: *Carpenter* v. *Campbell Automobile Co.*, 159 Iowa, 52, [140 N. W. 225]; *Brown* v. *Des Moines Steam Bottling Works*, 174 Iowa, 715, [1 A. L. R. 835, 156 N. W. 829].

[5] Lastly, it is contended that the damages awarded are excessive. At the time of her death Mrs. Dallas was fifty-one years of age. Her daughters were twenty and nineteen, respectively, and her son was fourteen. The evidence shows that the deceased was an educated woman, devoted to her husband and children; that she assisted and advised her husband in his business affairs and was the main guide in the education and training of the children. Section 377 of the Code of Civil Procedure provides that in cases of this character "such damages may be given as under all the circumstances of the case, may be just." This statutory rule is the only measure of damages in such cases. (*Bond* v. *United Railroads*, 159 Cal. 276, [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 13 Pac. 369].) "The statute does not fix the period of minority as a limit beyond which the jury cannot go in estimating the probable pecuniary loss." (Id. 276.) In *Redfield* v. *Oakland C. S. Ry. Co.*, 110 Cal. 277, [42 Pac. 822, 1063], decided in 1895, in a somewhat similar case, where the deceased wife and mother was thirty-five years of age and her children were aged twelve and eleven years, respectively, a verdict of fourteen thousand dollars was upheld. The purchasing power of money is much less now than in 1895 and this court cannot say that the award was excessive. [6] Appellant urges that there was no evidence as to the expectancy of life of Mrs. Dallas or as to the condition of her health. Mortality tables are admissible in such cases but not essential. (17 C. J. 1366.) [7] It is presumed that a person is in average normal health, in the absence of evidence to the contrary. (*Rowley* v. *London & Northwestern Ry. Co.*, L. R. 8 Exch. 221; *Harris* v. *Ogden Steam Laundry Co.*, 39 Utah, 436, [Ann. Cas. 1913E, 101, 117 Pac. 700]; 10 R. C. L. 879.)

The judgment appealed from is affirmed.

Burnett, J., and Hart, J., concurred.