[Civ. No. 5639. First Appellate District, Division One.—February 19, 1927.]

## M. D. GOULD, Respondent, v. F. W. OTTO et al., Appellants.

[1] BROKER'S COMMISSIONS — VERBAL EMPLOYMENT OF BROKER — SERVICES—QUANTUM MERUIT.—A real estate broker, who was verbally authorized to sell real property, and who merely sends a prospective buyer to the sellers, the latter negotiating and concluding the sale, cannot recover upon a *quantum meruit* for services rendered.

[2] ID.—STATUTE OF FRAUDS—QUANTUM MERUIT.—Under subdivision 7 of section 1624 of the Civil Code, where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the party receiving the benefits to pay the reasonable value of whatever has been received under the contract, and under these circumstances

---

1. Oral contract employing real estate broker where statute requires writing as affecting right to commissions, notes, 13 Ann. Cas. 977; Ann. Cas. 1915A, 1133; 9 L. R. A. (N. S.) 933. See, also, 25 R. C. L. 439; 4 Cal. Jur. 556.

recovery may be had under a *quantum meruit,* but not on the contract itself; but such rule has no application to those cases where the contract of employment is itself within the statute of frauds, such as the oral employment of an agent to sell real estate, and in such circumstances the law does not imply a promise, and if there be no contract of employment in writing, the agent is not entitled to recover upon a *quantum meruit.*

[3] ID.—VERBAL CONTRACT — COMPLETION OF NEGOTIATIONS AND SALE BY SELLERS—QUANTUM MERUIT.—The fact that the real estate broker may not have completed the negotiations and concluded the sale does not have the effect of taking the case out of the operation of the rule denying him the right to recover upon a *quantum meruit,* for the reason that the verbal contract under which he presumed to act, being invalid, conferred no legal authority on him to procure a purchaser for the property.

(1) 9 C. J., p. 640, n. 73.     (2) 9 C. J., p. 559, n. 10.     (3) 9 C. J., p. 559, n. 12 New.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Ross & Ross for Appellant.

J. J. Bullock and Eric Lyders for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover the sum of $640 claimed to be due for services rendered in connection with the sale of defendants' real property, and was given judgment for the sum of $300. The defendants appeal.

The amended complaint contained six counts. The first declared upon an agreement authorizing respondent to sell said real property at a stated price, for commission of $640; the others were common counts, the third being a *quantum meruit* for services rendered at appellants' request. Answering, appellants denied the allegations of the respective counts, and alleged as affirmative defense that the agreement upon which the several causes of action were founded was unenforceable because there was no note or memorandum thereof in writing subscribed by appellants or their agent, as is required by the statute of frauds. (Subd. 6, sec. 1973, Code Civ. Proc.; subd. 6, sec. 1624, Civ. Code.)

The material facts are not disputed, and are as follows: On March 9, 1924, at the office of the California Homes Association in San Carlos, San Mateo County, appellants verbally authorized respondent to sell the real property described in the complaint, respondent at the time being a licensed real estate salesman in the employ of said company, and one Fred H. Drake. The next day, according to respondent's testimony, pursuant to such verbal authorization, and acting in the capacity of a real estate salesman, he took three prospective buyers to inspect the property, among them being one Mansfield, and on April 14, 1924, Mansfield's wife purchased the property, having carried on the negotiations and concluded the sale directly with appellants.

It is apparent from the rulings of the trial court made on the admissibility of evidence and on motion for nonsuit, as well as from the conclusions stated in its written opinion, that judgment was rendered in respondent's favor upon the theory that, although a contract for the employment of an agent to sell real estate must be in writing, respondent in fact made no sale of the property, having merely sent a prospective buyer to appellants, who negotiated and concluded the sale, without solicitations on the part of respondent; and that for the service of "sending the purchaser" to appellants, respondent was entitled to reasonable compensation. Therefore, basing its decision solely on the third count of the amended complaint, the court made findings to the effect that respondent had "rendered and performed for defendants certain services" for which the latter agreed to pay a reasonable amount and accordingly judgment was entered for the sum of $300, the court having found such amount to be the reasonable value of said services.

[1] We are of the opinion that the judgment cannot be sustained. [2] In a certain class of cases arising under the seventh subdivision of the statute of frauds it has been held that where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the party receiving the benefits to pay the reasonable value of whatever has been received under the contract; and under those circumstances recovery may be had upon a *quantum meruit*, but

not on the contract itself. (*Zellner* v. *Wassman,* 184 Cal. 80 [193 Pac. 84]; *Hagan* v. *McNary,* 170 Cal. 141 [L. R. A. 1918E, 562, 148 Pac. 937]; *Rutherford* v. *Peppa,* 53 Cal. App. 309 [199 Pac. 1111].) But it is also held that the rule mentioned has no application to those cases where the contract of employment is itself within the statute of frauds, such as the oral employment of an agent to sell real estate. Under such circumstances the law does not imply a promise, and if there be no contract of employment in writing, the agent is not entitled to recover upon a *quantum meruit.* (*Jamison* v. *Hyde,* 141 Cal. 109 [74 Pac. 695]; *Kleinsorge & Heilbron* v. *Liness,* 17 Cal. App. 534 [120 Pac. 444]; *Sellers* v. *Solway Land Co.,* 31 Cal. App. 259 [160 Pac. 175]; 12 Cal. Jur. 932.)

In *Jamison* v. *Hyde, supra,* the complaint was in two counts, the first declaring on a contract for the payment of commissions on the sale of real estate and the second being a common count based upon allegations similar to those contained in the third count herein; and it was said: "There being no contract of employment in writing, it is clear also that plaintiff is not entitled to recover the reasonable value of the services under the second count of his complaint. This question has long been settled by the decisions of this court. (*McCarthy* v. *Loupe,* 62 Cal. 299; *Myers* v. *Surryhme,* 67 Cal. 657 [8 Pac. 523]; *McGeary* v. *Satchwell,* 129 Cal. 389 [62 Pac. 58].)" To the same effect is *Sellers* v. *Solway Land Co., supra,* wherein it is declared: "It has long been held in this state that an agent having sold real property under a contract of employment invalid because not in writing can recover neither upon the contract nor upon the *quantum meruit.* (*McCarthy* v. *Loupe,* 62 Cal. 299; *Myers* v. *Surryhne,* 67 Cal. 657 [8 Pac. 523]; *Zeimer* v. *Antisell,* 75 Cal. 509 [17 Pac. 642]; *McPhail* v. *Buell,* 87 Cal. 115 [25 Pac. 266]; *Shanklin* v. *Hall,* 100 Cal. 26 [34 Pac. 636]; *McGeary* v. *Satchwell,* 129 Cal. 389 [62 Pac. 58]; *Jamison* v. *Hyde,* 141 Cal. 109 [74 Pac. 695].)"

[3] The fact that respondent may not have completed the negotiations and concluded the sale does not have the effect of taking the case out of the operation of the foregoing rules, for the reason that the verbal contract under which he presumed to act being invalid, conferred no legal

authority on him to procure a purchaser for said property. (*Kleinsorge & Heilbron* v. *Liness, supra.*)

In support of the judgment respondent cites the cases of *West* v. *Visalia Abstract Co.*, 53 Cal. App. 457 [200 Pac. 351], and *Shaffer* v. *Beinhorn*, 190 Cal. 569 [213 Pac. 960], but we think neither is in point. In the first case the oral agreement sued upon was one made between real estate brokers to divide commissions, and, therefore, was not an agreement for the employment of an agent to sell real estate so as to fall within the requirements of the statute of frauds. The second case involved the question of whether, in view of section 20 of the Real Estate Brokers Act (Stats. 1919, p. 1259), providing that no action for the recovery of real estate commissions can be maintained unless it be alleged and proved that the parties claiming such commissions were duly licensed brokers or salesmen at the time the cause of action arose, the plaintiffs therein, neither of whom was so licensed, might recover compensation from a real estate broker under an agreement to pay them if they would find anyone interested in the purchase of the property to whom the broker would be able to negotiate a sale, or would introduce the broker to such person. The opinion in the case does not disclose whether or not the agreement upon which the cause of action was founded was in writing, and the question of the application of the statute of frauds was not raised.

For the foregoing reasons the judgment is reversed.

Cashin, J., and Tyler, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1927.