Matter of the Estate of BENJAMIN LICHTENBERG, Deceased.

(Surrogate's Court, New York County, January, 1921.)

Accounting — testamentary trustees — wills — real estate.

> Upon the accounting of testamentary trustees, about thirteen years after the death of their testator, as to unproductive and unimproved real estate situated in a sister state, which though they were in duty bound to sell they still held undivided, the annual taxes and carrying charges are properly chargeable to and should be paid with interest out of the principal.

> Upon a future accounting after a sale of the real estate within six months from the date specified in an order directing the trustees to sell, they may be reimbursed from the proceeds of the sale.

PROCEEDING upon the judicial settlement of the account of trustees.

Masten & Nichols, for petitioner.

Edwin C. Mulligan, for C. Ersa Mongini, objector.

Eliphalet W. Tyler, for Benjamin Lichtenberg.

Robert J. Farrington, for J. Chester, A. A. Lichtenberg, and Hortense C. Lichtenberg.

FOLEY, S. On a former accounting it was held by Surrogate Fowler (*Matter of Lichtenberg*, 171 N. Y.

Surrogate's Court, New York County, January, 1921.    [Vol. 114.

Supp. 570) that the deficit in the operation of the New York realty was properly chargeable to principal, as that property was included in an entirely different trust from the trust consisting of personalty set up for the widow.  The surrogate further held it was im-proper to invade the income of one trust to pay the carrying charges of property held in another trust. This decree was not appealed from.  The accounts now before the surrogate include the unproductive and unimproved real estate in Seattle.  On this accounting objection is made by the widow that the trustee has deducted the annual taxes from income due her, and she asks that all the carrying charges be charged to principal.  The real estate involved here is still held undivided by the trustee.  The devisees of the one-half, which vested on the death of Moses, refused to accept undivided interests, and the trustee has since been unable to sell the property to advantage.

The will of the testator sets forth that all provisions for the widow were made in lieu of dower and in com-pliance with an ante-nuptial agreement.  An income sufficient for her support was therefore contemplated by the testator.  While the trust fund of personalty amounts to $66,716.41, the widow has received no income since July, 1919.  The retention of this real estate, over which the trustee has a power of sale, imperils the life interest of the widow, and the pay-ment of taxes is at present depriving her of any income.  A continuation of this policy will benefit the remaindermen alone.  Although the property in question was owned by the testator, his will provides, " No part of my estate shall be invested in unim-proved property."  Evidently the testator did not intend to have this unproductive real estate remain permanently in the trust fund.  His will further gave his trustees " full power and authority to sell, mort-

gage, lease or otherwise dispose of any and all real estate of which I may die seized, and they may deem fit; also to change any and all investments without any personal liability on the part of them or either of them.'' That the trustees have a power of sale cannot be seriously disputed, even though the trust as to one-half has terminated. *Furniss* v. *Cruikshank,* 191 App. Div. 450, cited by counsel for remaindermen, is not in point. In that case the trustees had divided the property and set up separate trusts, and the income from the productive property was sufficient to support the widow. The plain intention of testator in the will, therefore, justifies a departure from the general rule requiring payment of taxes and carrying charges out of income. *Spencer* v. *Spencer,* 219 N. Y. 459; *Lawrence* v. *Littlefield,* 215 id. 561. In view of the decision of Surrogate Fowler, acquiesced in by all the parties, and for the other reasons just stated, I am of the opinion that the taxes and charges are properly chargeable to and should be paid, with interest, out of principal. *Spencer* v. *Spencer,* 183 N. Y. Supp. 870, 873. Reimbursement may be provided for in a future accounting from the proceeds of the sale of the realty when a sale is had. Almost thirteen years have elapsed since the death of the testator without a complete disposition of this property. The trustees were bound to sell this realty, and this should be done at the earliest opportunity. The decree to be submitted should contain a direction to sell the real estate within six months from October 29, 1920, as stipulated by all the parties in open court.

Decreed accordingly.