### SADLER v. SADLER et al.
### No. 371.

District Court, D. Nevada.

June 19, 1947.

584

See also 65 F.Supp. 120.

Springmeyer & Thompson, of Reno, Nev., for plaintiff.

H. R. Cooke and John D. Furrh, both of Reno, Nev., for defendant Edgar A. Sadler.

FOLEY, District Judge.

Kathryn Powers Sadler, as administratrix of the estate of Alfred R. Sadler, deceased, was dismissed as a party to this action pursuant to the suggestion made in the decision of March 29, 1946, on the motion of defendant Edgar A. Sadler to realign parties.

The real property with which we are concerned in this action has been referred to by the parties as the Diamond Valley Ranch.

The connection of plaintiff Clarence T. Sadler and Edgar A. Sadler with the title to Diamond Valley Ranch springs from their relation as heirs of Reinhold Sadler, deceased. Defendant Edgar A. Sadler and his deceased brother, Alfred R. Sadler, acquired legal title to Diamond Valley Ranch by virtue, as counsel for plaintiff points out, of the culmination on March 2, 1918, of a series of events. On February 14, 1918, the parties to the quiet title action referred to in the complaint entered into a stipulation providing among other things that judgment may be entered in the said action as follows:

"1. That it be adjudged and decreed that the defendant Edgar Sadler and Alfred Sadler are the owners and entitled to the possession of all the property described in plaintiff's complaint, which is situate in the County of Eureka, State of Nevada, and known as the Diamond Valley Ranch, a more particular description of said property to be inserted in said decree, their title thereto quieted, and that none of the other parties to this action have any right, title or estate in said property, or any part thereof.

\* \* \* \* \* \*

"4. That the money to be paid by the said Edgar Sadler and Alfred Sadler to the plaintiff as a consideration for this settlement and decree, shall be solely the obligation of said Edgar Sadler and Alfred Sadler, and that none of the parties hereto

shall be in any wise personally liable therefor.

\*    \*    \*    \*    \*    \*

"6. That judgment be entered in accordance with this stipulation, and that our attorneys in said action and said Edgar Sadler and said Alfred Sadler are authorized to take such proceedings and execute any and all papers necessary and proper to carry this stipulation into full force and effect."

It will be noted that said stipulation was executed by the following defendants in said quiet title action: Clarence T. Sadler by Alfred R. Sadler, his attorney-in-fact; Louisa Sadler, as administratrix of the estate of Reinhold Sadler, deceased; Louisa Sadler; Bertha L. Sadler; Edgar Sadler; and Alfred R. Sadler. This stipulation was filed in said quiet title action March 2, 1918.

On March 2, 1918, a decree in said quiet title action was duly given and made pursuant to and in accordance with the above stipulation; the said decree among other things providing:

"It is further ordered, adjudged and decreed that defendants, Edgar Sadler and Alfred Sadler have judgment quieting title to the hereinafter described property, and that all adverse claims of the plaintiff, and all persons claiming or to claim said premises or any part thereof; through or under said plaintiff, are hereby adjudged and decreed to be invalid and groundless, and that said defendants Edgar Sadler and Alfred Sadler be and they are hereby declared and adjudged to be the true and lawful owners of the land that is hereinafter described in this paragraph and every part and parcel thereof, and that their title thereto is adjudged to be quieted against all claims, demands, or pretensions of plaintiff, who is hereby perpetually stopped from setting up any claims thereto, or any part thereof. Said premises are bounded and described as follows, to-wit: (Description). (Then the following language appears in the decree)

"Containing approximately three thousand one hundred twenty (3120) acres, and constituting what is commonly known as the Diamond Valley Ranch. \* \* \*"

On March 2, 1918, Hermann J. Sadler, as attorney-in-fact for the Huntington and Diamond Valley Stock and Land Company, plaintiff in said quiet title action, by deed conveyed the Diamond Valley Ranch to Edgar and Alfred Sadler. On March 2, 1918, Alfred and Edgar Sadler executed a mortgage on the Diamond Valley Ranch to the Washoe County Bank as security for a loan of $16,500. On March 2, 1918, Alfred Sadler and Edgar Sadler executed a chattel mortgage on 250 head of cattle then on said ranch to the Washoe County Bank as additional security for the same loan of $16,500. The said sum of $16,500 so borrowed was disbursed as follows: $15,000 to the Huntington and Diamond Valley Stock and Land Company and $1500 to pay the fees of defendants' attorneys in the quiet title action. On the same day, March 2, 1918, defendant Edgar Sadler and his brother Alfred Sadler made and signed the following document:

"A Agreement

"Reno, Nevada

"Dated March 2, 1918                and

"Carson City, Nevada

"This agreement is made between the following persons as follows:

"Edgar Sadler of Eureka Co. Nevada

"Alfred Sadler of Washoe 'Co. Nevada

"Bertha Sadler of Ormsby Co. Nevada

"Mrs. Louise (Louisa) Sadler of Ormsby Co. Nevada

"Clarence Sadler of Washington, D. C. By Alfred R. Sadler thru the Power of Attorney.

"That as soon as possible the mortgage on the Diamond Ranch in Diamond Valley, Eureka County, Nevada be lifted the lawyers fees paid and that the first good chance for the best price possible this aforesaid ranch or property be sold and then that the remainder of the money be divided according to the last will and Testament of Reinhold Sadler, deceased—

"Mother desired fifty dollars each month that is by the 10th of each month.

"A settlement of the ranch cattle with the same terms of the will.

"Edgar Sadler

"Alfred Sadler"

The will referred to was obviously the last will and testament of Reinhold Sadler, deceased, annexed as an exhibit to

the original complaint herein. Exhibit 8 demonstrates that by reason of the transactions of March 2, 1918, Alfred R. Sadler and Edgar A. Sadler did not acquire both the legal and equitable title to Diamond Valley Ranch; they did not become the absolute owners thereof. The above agreement is a declaration of trust. Sime v. Howard, 4 Nev. 473; Baker v. Baker, 3 Cal.Un.Rep.Cas. 597, 31 P. 355.

■ The events of March 2, 1918, the stipulation, the decree, the deed and the agreement, Exhibit 8, did not just happen. They resulted from an understanding and agreement between Edgar Sadler, Alfred Sadler, Bertha Sadler and Mrs. Louisa Sadler, and the purpose of such events and instruments and agreements is declared and shown from the document called "A Agreement" of March 2, 1918, Exhibit 8. Edgar Sadler and Alfred Sadler acquired the legal title to Diamond Valley Ranch in trust for themselves and for those entitled to take as heirs under the will of Reinhold Sadler, deceased. By virtue of the transactions, events and instruments of March 2, 1918, Edgar A. Sadler and Alfred R. Sadler became co-trustees of an express trust. 65 C.J. 262, Sec. 42. "A cestui que trust of an express trust has no right of action until the trust is denied or some act is done by the trustee inconsistent with the trust; and until then the statute of limitations does not begin to run." White v. Sheldon, 4 Nev. 280. Here we find that there was no open and unequivocal breach or repudiation of the trust to the knowledge of the beneficiary until March 5, 1944, after the death of Alfred Sadler.

■ Counsel for defendant, p. 49 of their Brief, claim that the alleged "Trust Agreement" of March 2, 1918, offends the rule against perpetuities. The contention is rejected. In re Herberle's Estate, 155 Cal. 723, 102 P. 935.

■ The Court may grant plaintiff any relief consistent with the case made by the Complaint and Answer and embraced within the issue. Sec. 8797, Nevada Compiled Laws. The prayer of the complaint here includes a prayer for such other, further and additional relief as may be meet and proper in the premises. Upon a prayer for general relief the Court will give the relief to which the plaintiff is entitled under the principles of equity. Hammett v. Ruby Lee Minar, Inc., 60 App.D.C. 286, 53 F.2d 144, 145. The Court should require the enforcement of this trust. "Equity delights to do justice and not by halves."

■ Exhibit "L" attached to the original complaint (Exhibit 8 in evidence) contains a peremptory power of sale and in view of the time which has elapsed since March 2, 1918, the date of the execution of Exhibit "L," six months from the date of the filing and entry of the decree made pursuant to the Findings and Conclusions of Law herein and hereafter contained, should be sufficient additional time to allow the trustee to comply with his duty under the trust. The decree to be submitted here should contain a direction to sell the real estate within six months from the date of filing said decree. And, within said time, six months from this date, the defendant should account for the cattle on the ranch March 2, 1918, and for all properties, real and personal, received by him from, on account of, or through said Agreement, Exhibit "L"; and that he give an account of all his disbursements in connection with the said properties since the execution of said agreement within said time. Metsker v. Metsker, 320 Ill. 547, 151 N.E. 539; In re Lichtenberg's Estate, 114 Misc. 89, 185 N.Y.S. 913. The said accounting to be made in the light of the principle, "He who seeks equity must do equity."

The Court, having heard the testimony and having examined the proofs offered by the respective parties, and the cause having been submitted for decision, now finds the facts and states conclusions of law as follows:

### Findings of Fact

1. That Paragraph I of the amended complaint containing jurisdictional allegations is admitted by the defendant Edgar A. Sadler.

2. That Reinhold Sadler at the time of his death on January 29, 1906, was the owner of and in the possession of certain shares of stock in the Huntington Valley Stock and Land Company, a corporation.

3. That Reinhold Sadler left a will, copy of which is made a part hereof as Exhibit "A" (attached to original complaint). Said will was duly and regularly admitted to probate by the First Judicial District Court of the State of Nevada, in and for the County of Ormsby, in that certain proceeding entitled "In the Matter of the Estate of Reinhold Sadler," Docket No. 3718, in said Court, and letters of administration of the estate of said decedent were duly and regularly issued to Louisa Sadler, decedent's widow, who duly qualified as administratrix. No decree of distribution was entered in said District Court proceedings. During his lifetime five children were born, the issue of said Reinhold Sadler, namely Wilhelmina Sadler Plummer referred to as "Minnie" in said will; Edgar A. Sadler, defendant named above, referred to as "Edgar" in said will; Alfred R. Sadler, whose administratrix is named as a defendant herein (eliminated as a party defendant by dismissal made pursuant to order of Court filed March 29, 1946, on motion for realignment of parties); Bertha L. Sadler referred to in the first codicil of said will dated June 6, 1885; and Clarence T. Sadler, plaintiff named above, referred to in the second codicil of said will dated June 12, 1891.

4. That Wilhelmina Sadler Plummer died on September 5, 1903; that Bertha L. Sadler died, a single woman without issue, on April 29, 1921, intestate, and that no proceedings have been instituted for the administration or distribution of her estate; that Louisa Sadler died August 6, 1923, leaving surviving as heirs at law and next of kin three sons, said Edgar A. Sadler, said Alfred R. Sadler, and said Clarence T. Sadler, and one grandson, namely Edgar L. Plummer, the only child of said Wilhelmina Sadler, deceased; that no evidence was introduced from which it may be determined whether said Louisa Sadler died intestate; that no proceedings have been instituted for the administration or distribution of the estate of Louisa Sadler, deceased; that said Alfred R. Sadler died on March 5, 1944.

5. That on or about December 31, 1915, a complaint was filed in the District Court of the Fourth Judicial District of the State of Nevada at Elko, Nevada, by Huntington and Diamond Valley Stock and Land Company, a corporation, against The Huntington Valley Stock and Land Company, a corporation, the Diamond Valley Livestock and Land Company, a corporation, Louisa Sadler, administratrix of the estate of Reinhold Sadler, deceased, Louisa Sadler, Edgar A. Sadler, Bertha L. Sadler, Alfred R. Sadler, Clarence T. Sadler, and others, to quiet title to certain lands and the appurtenances in Eureka County, Nevada, known as the Diamond Valley Ranch. A copy of the said complaint is made a part hereof as Exhibit "B" (attached to original complaint).

6. That on or about February 14, 1918, a stipulation was entered into between plaintiff and defendants in said action whereby it was stipulated that the legal title to the said lands and property be transferred to Edgar A. Sadler and Alfred R. Sadler upon the payment of $15,000 to plaintiff in said action. A copy of the said stipulation is made a part hereof as Exhibit "C" (attached to original complaint).

That thereafter and on March 2, 1918, a judgment and decree was entered in said action pursuant to said stipulation whereby it was adjudged that defendant Edgar Sadler and said Alfred Sadler were the true and lawful owners of Diamond Valley Ranch.

That said stipulation was made and entered into by Louisa Sadler, Edgar A. Sadler, Alfred R. Sadler, Bertha L. Sadler, Clarence T. Sadler pursuant to an agreement between them that said Edgar A. Sadler and Alfred R. Sadler would acquire and hold the legal title to said real property, and would take and hold title to and possession of the livestock, ranch equipment and other personal property situated thereon in trust for the heirs of Reinhold Sadler, deceased, as named in the terms and provisions of the said will.

7. That on March 2, 1918, Hermann J. Sadler, as attorney-in-fact for the Huntington and Diamond Valley Stock and Land Company, a corporation, transferred and conveyed the said property and appurtenances to defendant Edgar A. Sadler and to Alfred R. Sadler; that thereafter and on the 12th day of March, 1918, the Hunting-

ton and Diamond Valley Stock and Land Company duly transferred and conveyed the said real property and appurtenances to said defendant Edgar A. Sadler and Alfred R. Sadler, and the president of said company also conveyed the same to defendant Edgar A. Sadler and to Alfred R. Sadler by deed recorded in the office of the County Recorder of Eureka County, Nevada, on March 23, 1918, a true correct copy of which is attached to the original 'Complaint as Exhibit "I."

8. That on or about March 2, 1918, and on the same date that the said judgment and decree was made and entered in the said action quieting title, defendant Edgar A. Sadler and Alfred R. Sadler mortgaged the said Diamond Valley Ranch and appurtenances to the Washoe County Bank, Reno, Nevada, for the sum of $16,500, of which the sum of $1500 was paid to the attorneys for the defendants in said quiet title action and the balance, $15,000, was paid to plaintiff in accordance with the terms and provisions of the stipulation (Exhibit "C" attached to original complaint).

That on March 2, 1918, Alfred Sadler and Edgar Sadler executed a chattel mortgage on the 250 head of cattle on the Diamond Valley Ranch to the Washoe County Bank as additional security for the said loan of $16,500.

9. That on March 2, 1918, that being the date on which the said decree and on which the said deed was given by Hermann J. Sadler, attorney-in-fact for the Huntington and Diamond Valley Stock and Land Company conveying the said Diamond Valley Ranch to defendant Edgar A. Sadler and to Alfred R. Sadler, and the date on which the said mortgage was given to the said Washoe County Bank for the said sum of $16,500 as aforesaid, defendant Edgar A. Sadler and Alfred R. Sadler duly made and entered into a written memorandum of their aforesaid agreement to hold in trust for the heirs of said Reinhold Sadler, deceased, the real property and appurtenances known as the Diamond Valley Ranch and also all livestock and other personal property upon said ranch (copy of said memorandum attached to original complaint as Exhibit "L").

10. That the allegations of Paragraph 10 of the amended complaint concerning admissions made by Kathryn Powers Sadler are not considered as matters at issue in this case for the reason that said Kathryn Powers Sadler has been dismissed as a party defendant.

That defendant Edgar A. Sadler, since the death of Alfred R. Sadler on or about March 5, 1944, has repudiated the said trust and refuses and neglects to do anything in relation thereto and claims that he is under no obligation to fulfill the premises made by him in said Agreement Exhibit "L" (Exhibit 8 in evidence), and asserts that he holds said property free from any claim by plaintiff or by any other persons similarly situated under the terms and provisions of the said Agreement Exhibit "L"; that within six months prior to September 16, 1944, the date of the filing of the original complaint herein, defendant Edgar A. Sadler has refused and neglected, and still and now refuses and neglects, to account to or give a statement to plaintiff or to the other beneficiaries of the said trust named in said Agreement Exhibit "L," or in any way to give a statement of business transactions, receipts or disbursements by him on account of or through the terms and provisions of said Agreement Exhibit "L."

11. That plaintiff is the equitable owner of an undivided 29% of the said Diamond Valley Ranch and appurtenances, livestock, equipment and other personal property and that the legal title to which and possession of which is held in trust by defendant Edgar A. Sadler for plaintiff, and for the heirs of Alfred R. Sadler, deceased, and for Edgar A. Sadler and Edgar L. Plummer.

12. That there was no denial, disclaimer or repudiation by defendant Edgar A. Sadler to plaintiff of the trust relationship alleged in plaintiff's Amended Complaint at any time prior to March 5, 1944.

That plaintiff's cause of action is not barred by Sec. 8524, Nevada Compiled Laws 1929, nor by Subsection 4 of Sec. 8524, Nevada Compiled Laws, or by any other statute of limitations.

13. That the rights, claims, demands or causes of action of the plaintiff as alleged

in the complaint are not barred by the laches of plaintiff in failing to seasonably assert his alleged rights and commence his action for recovery of same; that plaintiff has not been guilty of laches in the bringing and maintaining of this action.

(a) That Edgar A. Sadler and Alfred R. Sadler signed a note in the principal sum of $16,500 secured by a mortgage on the real property described in the complaint; that the portion of the $16,500, if any, paid by defendant Edgar A. Sadler can only be determined by an accounting; that all the cattle, to-wit: 250 head, more or less, on the Diamond Ranch on March 2, 1918, and described in defendant's Exhibit "A" were held in trust by Alfred and Edgar A. Sadler for themselves and other heirs of Reinhold Sadler, deceased.

(b) That plaintiff has no interest in cattle or in any property belonging to Ethel Sadler, wife of defendant Edgar Sadler, or belonging to Floyd and Reinhold Sadler, sons of Edgar Sadler; that the quantity and volume of the cattle and property of the wife and sons of Edgar Sadler cannot be determined in advance of an accounting by Edgar Sadler of trust property.

## Conclusions of Law

From the foregoing facts the Court decides:

1. That defendant Edgar A. Sadler holds and possesses the aforesaid Diamond Valley Ranch, mentioned and described in the amended complaint and exhibits attached to the original complaint, and appurtenances, livestock, equipment and other personal property upon said ranch March 2, 1918, and the increase and proceeds thereof, in trust for plaintiff Clarence Sadler, the heirs of Alfred R. Sadler, deceased, Edgar L. Plummer and for defendant Edgar A. Sadler, in the amount and shares to which each of the above named individuals may be entitled by the terms of the last will and testament of Reinhold Sadler, deceased, and the Statutes of Descent of the State of Nevada.

2. That within six months from the date of the filing and entry of the decree made pursuant to these Findings and Conclusions of Law herein and hereinafter contained, the defendant Edgar A. Sadler shall sell the real property known and referred to herein as the Diamond Valley Ranch for the best price obtainable, but not less than the appraised value thereof unless authorized by the Court, said appraisement to be made by three appraisers: One to be appointed by defendant Edgar A. Sadler, one to be appointed by plaintiff, and the third to be appointed by the Court. And that within said period of six months said defendant Edgar A. Sadler shall account for the cattle on the ranch March 2, 1918, and for all properties, real and personal, received by him from, on account of, or through said Agreement, Exhibit "L"; and that he give an account of all his disbursements in connection with the said properties, and the Court hereby retains jurisdiction of this action for the making of such order or orders as may be necessary to provide for the time, place and manner of such accounting.

3. The Court retains jurisdiction of this action to hear, consider and determine applications on the part of beneficiaries other than the plaintiff to share in the trust property. Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260. Jurisdiction is retained for such other and further orders as may be required to enforce all of the provisions of the trust hereby found to exist.

Let judgment be entered accordingly.